# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 6, 2010

No. 08-20673
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

NORMA GONZALEZ SANCHEZ, also known as Norma Gonzalez Campos,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:03-CR-221-9

Before GARZA, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Norma Gonzalez Sanchez appeals the sentence that she received after she pleaded guilty to conspiracy to transport undocumented aliens. The district court initially sentenced Sanchez below the guidelines range of imprisonment to 33 months of imprisonment. *United States v. Sanchez*, 484 F.3d 803, 810 (5th Cir. 2007), *cert. granted*, *judgment vacated by Sanchez v. United States*, 552 U.S. 1089 (2008). This court concluded that the sentence was unreasonable and vacated it. *Id.* at 813. The Supreme Court granted Sanchez's petition for a writ

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of certiorari and vacated the case in light of *Gall v. United States*, 552 U.S. 38 (2007). *Sanchez v. United States*, 552 U.S. 1089 (2008). On remand, this court concluded that the district court's clearly erroneous factual determinations infected the sentence and constituted significant procedural errors that warranted vacating the sentence and remanding for resentencing. *United States v. Sanchez*, 277 F. App'x 494 (5th Cir. 2008). The district court upwardly departed from the guidelines range of imprisonment and sentenced Sanchez to 84 months. It is this sentence that she appeals.

Because Sanchez was sentenced after the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), this court reviews her sentence for reasonableness in light of § 3553(a). *United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005). Pursuant to *Gall v. United States*, 552 U.S. 38, 48-51 (2007), this court must determine whether the sentence imposed is procedurally sound, including whether the calculation of the advisory guidelines range is reasonable, and whether the sentence imposed is substantively reasonable.

Sanchez argues that the upward departure was unwarranted because the number of victims and the number of deaths were not reasonably foreseeable to her. To support her argument, Sanchez refers this court to the acquittal of her codefendant Rosa Maria Serrata of the charge that she caused deaths or serious bodily injury.

The jury's acquittal of Serrata is inapposite because the court applies a lesser burden of proof at sentencing than does the jury in deciding guilt or innocence. *See United States v. Rodriguez*, 553 F.3d 380, 394 n.15 (2008). In sentencing Sanchez, the district court was free to consider not just her conduct, but could consider all reasonably foreseeable acts and omissions of others in furtherance of the jointly taken criminal activity. *See Rodriguez*, 553 F.3d at 395. In light of the facts set forth in the factual basis for Sanchez's plea, there was sufficient evidence for the district court to find that death of the humans riding in the trailer was foreseeable. *See id*.

Sanchez argues that the district court procedurally erred when it applied U.S.S.G. § 5K2.0 to upwardly depart. Because Sanchez did not make this argument the district court, we review it for plain error. *See United States v. Neal*, 578 F.3d 270, 272 (5th Cir. 2009); FED. R. CRIM. P. 51(b).

To show plain error, Sanchez must show a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009); *United States v. Baker*, 538 F.3d 324, 332 (5th Cir. 2008), *cert. denied*, 129 S. Ct. 962 (2009). Even then, this court has discretion whether to correct such an error and, generally, will do so only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Baker*, 538 F.3d at 332.

Section § 5K2.0 authorizes upward departures when "an aggravating . . . circumstance . . . of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that, in order to advance the objectives set forth in 18 U.S.C. § 3553(a)(2), should result in a sentence different from that described." § 5K2.0(a)(1)(A); *see also* § 3553(b)(1). The Guidelines list "Death" as such an aggravating circumstance. § 5K2.1. Although the § 2L1.1 enhancements account for risk of injury and death, they do not account for multiple victims. Accordingly, Sanchez fails to show that the district court's use of §5K2.0 to depart upwardly was plain error. *See, United States v. Rajwani*, 476 F.3d 243, 248-50 (5th Cir. 2007), *modified on other grounds*, 479 F.3d 904 (5th Cir. 2007); *United States v. Saldana*, 427 F.3d 298, 311 (2005).

Sanchez also challenges the substantive reasonableness of her sentence. She argues that the § 3553(a)(2) sentencing factors were not advanced by the upward departure. Substantive reasonableness review, in the context of a guidelines departure, requires this court to evaluate both "the district court's decision to depart upwardly and the extent of that departure for abuse of discretion." *United States v. Zuniga-Peralta*, 442 F.3d 345, 347 (5th Cir. 2006)

(internal quotation marks and citation omitted); *see United States v. Smith*, 440 F.3d 704, 707 (5th Cir. 2006) (noting that a sentence that includes an upward departure as authorized by the Guidelines is considered a guidelines sentence). "An upward departure by a district court is not an abuse of discretion if the court's reasons for departing 1) advance the objectives set forth in 18 U.S.C. § 3553(a)(2) and 2) are justified by the facts of the case." *Id*. (internal quotation marks and citation omitted). However, "[a] district court abuses its discretion if it departs on the basis of legally unacceptable reasons or if the degree of the departure is unreasonable." *United States v. Simkanin*, 420 F.3d 397, 416 n.21 (5th Cir. 2005) (internal quotation marks and citation omitted).

The district court gave lengthy, detailed reasons for its departure, noting that Sanchez found customers who had no money. The district court stated that Sanchez's professed regret was to be distinguished from the failure to anticipate the hazards to which she subjected the people who died. The court's stated reasons for the sentence demonstrate that the court considered the § 3553(a) factors and that its sentence was justified by the facts of the case. *See* § 3553(a)(1)-(2), (6); *Smith*, 440 F.3d at 707.

Further, the degree of the departure was not unreasonable. *See Simkanin*, 420 F.3d at 416 n.21. The Government recommended that the district court depart upward from the guidelines range of imprisonment by 25 to 30 months. In sentencing Sanchez to 84 months of imprisonment, the district court departed upward from the guidelines range by 13 months. Sanchez's codefendants received upward departures that ranged from 18 to 45 months.

For the reasons above, Sanchez's sentence is AFFIRMED.