# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 29, 2010

No. 09-51162
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

HERIBERTO CASTRILLO-RUBIO, a/k/a Albert Salazar-Rubio, a/k/a Heriberto Castrillo, a/k/a as Eddie Castrillo, a/ka Eduardo Rubio, a/k/a Heriberto Castillo-Rubio, a/k/a Eddie Rubio,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:09-CR-2285-1

Before GARWOOD, OWEN and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Heriberto Castrillo-Rubio (Castrillo) pleaded guilty, without a plea agreement, to illegally reentering the United States after having been deported. The probation officer calculated his offense level under the United States Sentencing Commission's *Guidelines Manual* (Sentencing Guidelines or Guidelines) as being twenty-one, which included a sixteen-level enhancement for

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

having been deported after committing a drug-trafficking offense. *See* USSG § 2L1.2(b)(1)(A)(i). This offense level, combined with a criminal history category of V, led to a Guidelines range of seventy to eighty-seven months' imprisonment. The district court imposed a term of seventy-eight months.

Castrillo challenges the substantive reasonableness of his sentence. Because he objected to the sentence in the district court, our review is for abuse of discretion. *See United States v. Neal*, 578 F.3d 270, 273 (5th Cir. 2009). We will uphold the sentence as long as it is reasonable, and we presume that a sentence within the Guidelines, like Castrillo's, is reasonable. *United States v. Cooks,* 589 F.3d 173, 186 (5th Cir. 2009), *cert. denied,* 130 S. Ct. 1930 (2010).

Castrillo first challenges his sentence as having been unreasonably long because the court where he was sentenced did not have a "fast-track" program. He concedes that this line of argument is foreclosed by our precedent, but he raises it in order to preserve it for appeal. *See United States v. Gomez-Herrera*, 523 F.3d 554, 563 & n.4 (5th Cir. 2008).

According to Castrillo, the Sentencing Guidelines also overstated the seriousness of his illegal-reentry because the same prior drug offense used to support the sixteen-level increase under § 2L1.2 also contributed to his criminal history score, causing the Guidelines to double-count this offense. He further contends that the Guidelines overstate the seriousness of illegal-reentry in general, arguing that illegal reentry is merely an international trespass. However, we have addressed and rejected both of these arguments in the past. *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir.) (double-counting argument), *cert. denied*, 130 S. Ct. 378 (2009); *United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006) (characterization of illegal reentry as trespass offense).

Finally, Castrillo asserts that his sentence is unreasonably high because, in his view, it fails to take into account that he arrived in the United States

2

when he was five years old, that, at one time, he was a lawful permanent resident in this country, and that his asserted, but uncorroborated, motive for returning to the United States was that he feared for his life in Mexico. But Castrillo's cultural assimilation in the United States does not require a non-Guidelines sentence. *United States v. Lopez-Velasquez*, 526 F.3d 804, 807 (5th Cir. 2008). Likewise, his motive for returning does not make his sentence unreasonable. The district court heard and understood these arguments, commenting extensively on Castrillo's family ties in the United States and the problem of violence in Mexico, but it ultimately rejected the contention that these factors outweighed the other sentencing considerations, especially in view of his significant criminal history. *See United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008).

Castrillo has not overcome the presumption that his Guidelines sentence is reasonable. Accordingly, his sentence is affirmed.

AFFIRMED.