# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
December 8, 2010

Lyle W. Cayce
Clerk

No. 10-50127
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RAFAEL ANTONIO FIGUEROA-PEREZ, also known as Rafael Antonio
Figuero-Perez,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:09-CR-2474-1

Before WIENER, PRADO and OWEN, Circuit Judges.

PER CURIAM:[*]

Rafael Antonio Figueroa-Perez (Figueroa) pleaded guilty without the
benefit of a plea agreement to illegally reentering the United States after having
been deported. The probation officer calculated an offense level of 21, which
included a 16-level increase for having been deported after committing an
alien-smuggling offense, U.S.S.G. § 2L1.2(b)(1)(A)(vii). This offense level,
combined with a criminal history category of III, resulted in a guidelines

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

imprisonment range of 46 to 57 months. The district court imposed a 46-month sentence, at the bottom of the guidelines range.

Figueroa challenges the substantive reasonableness of his sentence. Because he objected to the sentence in the district court, our review is for abuse of discretion. *See United States v. Neal*, 578 F.3d 270, 273 (5th Cir. 2009). We will uphold the sentence as long as it is reasonable, and we presume that a within-guidelines sentence, like Figueroa's, is reasonable. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009), *cert. denied*, 130 S. Ct. 1930 (2010).

According to Figueroa, the guidelines range overstates the seriousness of his illegal reentry because the same prior alien-smuggling offense used to support the 16-level offense-level increase under § 2L1.2 also contributed to his criminal history score, and thus the Guidelines double counted this offense. He also contends that the sentence overstates the seriousness of the illegal reentry offense, urging that the offense amounted merely to an international trespass. However, we have rejected the argument that such "double counting" renders a within-guidelines sentence unreasonable, *United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir.), *cert. denied*, 130 S. Ct. 378 (2009), and have upheld a within-guidelines sentence as reasonable despite the defendant's argument that illegal reentry is a mere trespass offense, *United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006).

Figueroa next contends that his sentence is unreasonably high because, in his view, it fails to take into account various personal characteristics, including that he arrived in the United States when he was seven years old, that, at one time, he was a lawful permanent resident in this country, and that his motive for returning to the United States was to be with his family. Figueroa's cultural assimilation in the United States does not necessarily warrant a below-guidelines sentence. *See United States v. Lopez-Velasquez*, 526 F.3d 804, 807 (5th Cir. 2008). Likewise, neither this factor nor his motive for returning renders his sentence unreasonable. Defense counsel made similar

arguments in the district court. The court merely rejected the contention that these factors outweighed the other sentencing considerations, a determination that is entitled to deference. *See United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008).

Finally, Figueroa argues that uneven use of the fast-track procedure creates unwarranted sentencing disparities between defendants prosecuted in districts that participate in the program and those, like him, prosecuted in districts that do not. He concedes that *United States v. Gomez-Herrera*, 523 F.3d 554, 563 & n.4 (5th Cir. 2008), forecloses this argument, but raises it to preserve it for further review.

Figueroa has not overcome the presumption that his within-guidelines sentence is reasonable. Accordingly, his sentence is AFFIRMED.