# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 21, 2011

Lyle W. Cayce
Clerk

No. 10-50766
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE RENE GARCIA-QUINTANILLA,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:09-CR-3487-1

Before GARWOOD, SOUTHWICK and HAYNES, Circuit Judges.

PER CURIAM:[*]

In 2007, Jose Rene Garcia-Quintanilla (Garcia), a native and citizen of El Salvador, was ordered removed from the United States. Because Garcia failed to cooperate in his removal proceedings, Garcia was charged and convicted of failure to make timely application in good faith for travel and departure, a violation of 8 U.S.C. § 1253. This was Garcia's second conviction for a violation of § 1253. The district court imposed an upward variance to 30 months of imprisonment, which Garcia challenges only as being substantively

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

unreasonable.

The 30-month sentence challenged by Garcia was the result of an upward variance from the Guidelines (the guideline range is 15 to 21 months; the statutory maximum is four years).  *See United States v. Brantley,* 537 F.3d 347, 349 (5th Cir. 2008).

Following *United States v. Booker*, 543 U.S. 220 (2005), our review of sentences is for reasonableness in light of the sentencing factors set forth in 18 U.S.C. § 3553(a).  *See United States v. Mares*, 402 F.3d 511, 518-19 (5th Cir. 2005).  Generally, we "consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard."  *Gall v. United States*, 552 U.S. 38, 51 (2007).  At sentencing, however, Garcia did not advance the arguments he now raises on appeal and only made a general objection following the imposition of his sentence.  "To preserve error, an objection must be sufficiently specific to alert the district court to the nature of the alleged error and to provide an opportunity for correction."  *United States v. Neal*, 578 F.3d 270, 272 (5th Cir. 2009).  Thus, arguably Garcia did not preserve his error and review is subject to plain error.  *See id.*; *see also United States v. Dunigan*, 555 F.3d 501, 506 (5th Cir. 2009).  Nevertheless, this court need not determine whether plain error review is appropriate in this case because, as shown below, Garcia is not entitled to relief even assuming he preserved the issue.  *See United States v. Rodriguez*, 523 F.3d 519, 525 (5th Cir. 2008).

The record indicates that the district court properly considered the § 3553(a) factors.  The 30-month sentence reflected the seriousness of Garcia's offense, Garcia's history and characteristics, the need to promote respect for

the law, and the need to deter future criminal conduct.[1]  The sentence imposed "was reasonable under the totality of the relevant statutory factors." *Brantley*, 537 F.3d at 349 (quotation marks omitted); *see also United States v. Lopez-Velasquez*, 526 F.3d 804, 807 (5th Cir. 2008).  Accordingly, the judgment of the district court is AFFIRMED.  *See Gall*, 552 U.S. at 51.

---

[1] Garcia was ordered deported to El Salvador in January 2007, and, following his refusal to make timely application in good faith for travel and departure, was charged with and convicted of violating 8 U.S.C. § 1253 in April 2008, for which he was ultimately sentenced to 24 months' imprisonment.  As we previously noted in that case, *United States v. Garcia-Quintanilla*, 574 F.3d 295 (5th Cir. 2009), "[u]p until the eve of trial, the Government offered to drop the charges if Garcia-Quintanilla would cooperate in his removal.  Garcia-Quintanilla refused these offers, and the jury later found him guilty." *Id*. at 297.  The instant conviction and sentence is for Carcia's repeated refusal, from October 26, 2009 up to and including December 3, 2009, to make timely application in good faith for travel and departure pursuant to his said January 2007 order of deportation to El Salvador.