# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 20, 2012

Lyle W. Cayce
Clerk

No. 11-20123
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LATASHA GLODINE LEBLANC,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:10-CR-520-1

Before BENAVIDES, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

LaTasha Glodine LeBlanc pleaded guilty to one count of mail fraud and received a within-guidelines sentence of 21 months in prison, to be followed by a five-year term of supervised release; she was also ordered to pay a $3000 fine. LeBlanc's written plea agreement included a provision waiving her right to appeal the sentence imposed. On appeal, LeBlanc challenges the district court's guidelines calculations. She contends that the waiver provision should be considered invalid because such limitations on judicial review violate the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

principle of separation of powers and because a defendant can never intelligently waive her right to challenge a sentence before she knows what that sentence will be. In its appellate brief, the Government does not invoke the waiver and instead argues the merits of LeBlanc's sentencing claims. Thus, the provision is not binding on the parties. *See United States v. Story*, 439 F.3d 226, 231 (5th Cir. 2006). In light of this, we decline to review LeBlanc's challenges to the validity of the waiver.

With respect to the sentencing calculations, LeBlanc contends that the district court erred in accepting, over her objections, a loss amount exceeding $30,000 as listed in the presentence report. Although she maintains that she is challenging the probation officer's methodology in calculating the loss amount and that such a claim merits de novo review, a reading of her argument establishes that she is in fact disputing the factual finding of total loss, which we review for clear error. *United States v. Sanders*, 343 F.3d 511, 520 (5th Cir. 2003); *cf. United States v. Klein*, 543 F.3d 206, 213-14 (5th Cir. 2008) (reviewing de novo a challenge to the calculation of the loss because it involved the application of a guideline provision regarding credits). The probation officer stated that the loss finding was supported by investigative materials created and gathered by federal and state officials, and thus the calculation had sufficient indicia of reliability for the district court to rely upon it. *See United States v. Scher*, 601 F.3d 408, 413 (5th Cir. 2010); *United States v. Shacklett*, 921 F.2d 580, 584 (5th Cir. 1991). LeBlanc provided no competent rebuttal evidence supporting her alternate loss calculations, and thus the record does not show that the district court clearly erred in adopting the loss amount set forth in the presentence report. *See Sanders*, 343 F.3d at 520; *United States v. Parker*, 133 F.3d 322, 329 (5th Cir. 1998).

In addition, LeBlanc asserts that the district court erred in assessing a two-level enhancement based on a finding that the offense involved 10 or more victims. Because she did not object on this ground in the district court, we

No. 11-20123

review for plain error. *See United States v. Neal*, 578 F.3d 270, 272 (5th Cir. 2009); *United States v. Sudeen*, 434 F.3d 384, 392 (5th Cir. 2005). The number of victims constitutes a finding of fact that could have been resolved by the district court after a proper objection, and therefore no plain error exists. *See United States v. Vital*, 68 F.3d 114, 119 (5th Cir. 1995). Consequently, the judgment of the district court is AFFIRMED.