# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 2, 2012

Lyle W. Cayce
Clerk

No. 11-20658
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LUIS ANDRADE TORRES, also known as Luis Torres Andrade, also known as
Luis Andrade-Torres, also known as Rafael Andrade, also known as Luis
Hernandez, also known as Luis Andreade,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:11-CR-307-1

Before WIENER, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Luis Andrade Torres (Andrade) appeals the sentence

imposed for his conviction for illegal reentry. He was sentenced within the

guidelines range to 46 months of imprisonment with a one-month credit for the

time he spent in immigration custody and two years of supervised release. He

contends that his sentence is substantively unreasonable because the district

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

court failed to give appropriate weight to the remoteness of his most significant criminal history, his subsequent rehabilitation, and the fact that he was arrested on an outbound flight to Mexico. He also claims that the district court gave too much weight to his other criminal history and traffic citations and improperly considered his traffic-related arrests.

We review Andrade's claim of error regarding the consideration of his arrests for plain error, as Andrade's general objection to the reasonableness of his sentence was not "sufficiently specific to alert the district court to the nature of the alleged error and to provide an opportunity for correction." *United States v. Neal*, 578 F.3d 270, 272 (5th Cir. 2009). The remainder of his claim of error is preserved.

To show plain error, Andrade must demonstrate that the error was clear or obvious and affects his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, we have the discretion to correct the error but only if it "'seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings.'" *Id.* (alteration in original) (quoting *United States v. Olano*, 507 U.S. 725, 736 (1993)).

We review the substantive reasonableness of a sentence for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007). A sentence imposed within a properly calculated guidelines range is presumed to be reasonable. *United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008). "The presumption is rebutted only on a showing that the sentence does not account for a factor that should receive significant weight, it gives significant weight to an irrelevant or improper factor, or it represents a clear error of judgment in balancing sentencing factors." *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

Andrade has not shown that the weight the district court gave to his criminal convictions and traffic citations, rehabilitation, and arrest on an outbound flight to Mexico represents a clear error of judgment. "[T]he staleness

of a prior conviction used in the proper calculation of a guidelines-range sentence does not render a sentence substantively unreasonable and does not destroy the presumption of reasonableness that attaches to such sentences." *United States v. Rodriguez*, 660 F.3d 231, 234 (5th Cir. 2011). The fact that Andrade was arrested on an outbound flight to Mexico does not indicate whether Andrade intended to leave the United States permanently. Andrade's disagreement with the weight given by the district court to his other criminal history and rehabilitative efforts is insufficient to rebut the presumption of reasonableness. *See Gall*, 552 U.S. at 51.

It was plainly erroneous, however, for the district court to consider Andrade's prior arrests when imposing sentence, given that there was insufficient indicia of reliability. *See United States v. Johnson*, 648 F.3d 273, 277-78 (5th Cir. 2011). As to whether the error affected his substantial rights, however, Andrade offers no argument. Therefore, he has not met his burden of demonstrating that there is a reasonable probability that he would have received a lower sentence had the district court not considered the arrests. *Cf. United States v. Sandlin*, 589 F.3d 749, 757 (5th Cir. 2009).

Andrade raises one additional issue, which he acknowledges is foreclosed by our precedent, to preserve for further review. He contends that the presumption of reasonableness should not be applied to his sentence because § 2L1.2, the illegal reentry Guideline, lacks an empirical basis. We have consistently rejected Andrade's argument, concluding that *Kimbrough v. United States*, 552 U.S. 85 (2007), does not question the presumption of reasonableness and does not require district or appellate courts to independently analyze the empirical grounding behind each individual guideline. *See United States v. Duarte*, 569 F.3d 528, 530-31 (5th Cir. 2009); *United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir. 2009).

The record does reveal a clerical error in the judgment with respect to the description of the offense. *See* FED. R. CRIM. P. 36. The judgment should be

No. 11-20658

modified to reflect that Andrade was convicted of illegal reentry by a previously deported alien after a felony conviction and that he was sentenced under 8 U.S.C. § 1326(b)(1).

The district court's judgment is AFFIRMED. This matter is REMANDED for correction of the clerical error pursuant to Federal Rule of Criminal Procedure 36.