# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
March 6, 2013

No. 12-10573
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

KEVIN DEWAYNE BROOKS,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:11-CR-196-4

Before JONES, DENNIS and HAYNES, Circuit Judges.

PER CURIAM:[*]

Kevin Dewayne Brooks appeals the 70-month sentence of imprisonment imposed by the district court following his guilty plea conviction of making, possessing, and uttering a forged and counterfeit security, and aiding and abetting. He argues that his sentence is procedurally unreasonable because the district court did not address his argument that his mental health disorders should be taken into account in determining his sentence. In a similar vein,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Brooks asserts that the district court's failure to consider his mental health disorders resulted in a substantively unreasonable sentence.

Following *United States v. Booker*, 543 U.S. 220 (2005), our review of sentences is for reasonableness in light of the sentencing factors set forth in 18 U.S.C. § 3553(a). *See Gall v. United States*, 552 U.S. 38, 49-51 (2007). We engage in a bifurcated review, first ensuring that the district court committed no significant procedural error. *See id.* at 51. If the sentence is procedurally sound, we then consider whether the sentence is substantively reasonable. *Id.*

We recognize three types of sentences: a sentence within the advisory guidelines range, "an upward or downward departure as allowed by the Guidelines," and a non-Guideline "variance" that is not based on the Guidelines rules for departures. *United States v. Brantley*, 537 F.3d 347, 349 (5th Cir. 2008). The district court explained that its chosen sentence was appropriate both as an upward departure under U.S.S.G. § 4A1.3 and as an upward variance from the guideline range of 37 to 46 months of imprisonment. The characterization, however, is not significant if "the sentence imposed was reasonable under the totality of the relevant statutory factors." *Id.*

Brooks's general objection to the procedural reasonableness of his sentence was insufficiently specific to preserve the issue he raises on appeal. *See United States v. Neal*, 578 F.3d 270, 272 (5th Cir. 2009). Accordingly, we review his procedural reasonableness challenge for plain error. *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007). To succeed on plain error review, Brooks must show (1) a forfeited error (2) that is clear or obvious and (3) that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes that showing, this court may exercise its discretion "to remedy the error . . . if the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks, bracketing, and citation omitted).

"[W]hen a judge decides simply to apply the Guidelines to a particular case, doing so will not necessarily require lengthy explanation." *Rita v. United States*, 551 U.S. 338, 356 (2007). However, "[w]here the defendant or prosecutor presents nonfrivolous reasons for imposing a different sentence . . . the judge will normally go further and explain why he has rejected those arguments." *Id.* at 357. Nevertheless, the district court is not required to provide specific reasons for its rejection of a defendant's arguments for a lower sentence. *See id.*

After reviewing the record, we are satisfied that the district court provided a sufficient explanation for its above-guidelines sentence. *See id.* at 356-57. However, even assuming *arguendo* that the district court erred by failing explicitly to address Brooks's argument concerning his mental health disorders, Brooks has not made the required showing of an effect on his substantial rights *See United States v. Mondragon-Santiago*, 564 F.3d 357, 364 (5th Cir. 2009). Brooks has failed to show reversible procedural error.

We review the substantive reasonableness of Brooks's sentence under a deferential abuse of discretion standard, taking into account the totality of the circumstances. *See United States v. Key,* 599 F.3d 469, 475 (5th Cir. 2010). Our examination of the record and of the totality of the circumstances satisfies us that the district court properly relied on the § 3553(a) factors in deciding to impose an upward variance and in determining the extent of that variance. *See Brantley*, 537 F.3d at 349.

The judgment of the district court is AFFIRMED.