**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 18, 2013

No. 13-30135
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ALCIDES ROMAN,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:12-CR-93-1

Before JOLLY, DeMOSS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Alcides Roman appeals the 41-month above-guideline sentence imposed after he pleaded guilty to wire fraud. He contends that the sentence was substantively unreasonable.

Ordinarily, we would review the sentence for reasonableness under an abuse-of-discretion standard, looking first for procedural reasonableness and then for substantive reasonableness. *See Gall v. United States*, 552 U.S. 38, 46, 51 (2007). But we review Roman's claims for plain error because his general

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

objection to the sentence was not "sufficiently specific to alert the district court to the nature of the alleged error and to provide an opportunity for correction." *United States v. Neal*, 578 F.3d 270, 272 (5th Cir. 2009). To show plain error, Roman must show a forfeited error that was "clear or obvious, rather than subject to reasonable dispute" and that the error affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he does that, we have discretion to correct the error if it seriously affected the integrity, fairness or public reputation of the proceedings. *See id.*

The district court orally described the sentence as an upward "departure" based on the Sentencing Guidelines, but the Statement of Reasons also indicates that it was a "variance" outside the guideline system based on 18 U.S.C. § 3553(a). *Cf. United States v. Brantley*, 537 F.3d 347, 349 (5th Cir. 2008) (identifying three types of sentences). The precise characterization is not significant because the sentence is neither plainly erroneous nor unreasonable. *See id.*

Roman contends that the court improperly based the sentence on his arrest record. However, the district court acknowledged that it could not take Roman's arrests into account, and it did not discuss them at length or overtly rely on them as the district court had done in *United States v. Johnson*, 648 F.3d 273, 278-79 (5th Cir. 2011). The district court did not commit any clear and obvious error by referring to Roman's arrests. *See Puckett*, 556 U.S. at 135.

We also reject Roman's contention that the court gave too much weight to a letter from a victim, Jason Bell. Bell's letter was substantially consistent with the presentence report (PSR) and Roman's own concession that he faced civil litigation and owed several people money. The district court did not commit clear or obvious error by considering the letter. *See Puckett*, 556 U.S. at 135.

Similarly, we find no merit in Roman's argument that the court did not express proper reasons for the sentence. The court explained that it was basing the sentence on § 3553(a). Bell's letter, plus testimony and reports from other

victims about non-monetary losses and monetary losses they were seeking to recover in civil litigation, all reflected "the nature and circumstance of the offense and the history and characteristics of the defendant" as well as "the seriousness of the offense." § 3553(a)(1) & (a)(2)(A). The reasons for the sentence are not clearly or obviously erroneous. *See Puckett*, 556 U.S. at 135. Moreover, Roman fails to show that his sentence would have been less severe if the court had been required to provide some further explanation. *Cf. United States v. Mondragon-Santiago*, 564 F.3d 357, 364-65 (5th Cir. 2009) (reviewing a within-guidelines sentence).

Roman also argues that the court gave insufficient weight to the guideline calculations. The district court was not required to presume that a sentence within the guideline range was reasonable. *See Rita*, 551 U.S. 338, 351 (2007). Roman asks this court to substitute his assessment of the sentencing factors for the district court's assessment, which is directly contrary to the deferential review dictated by *Gall*. *Gall v. United States*, 552 U.S. 38, 51 (2007). Finally, the degree of deviation, from 27 to 41 months, was neither unreasonable nor an abuse of discretion. *See United States v. Herrera-Garduno*, 519 F.3d 526, 531-32 (5th Cir. 2008) (collecting cases and affirming a greater deviation).

The judgment is AFFIRMED.