# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 20, 2013

No. 11-20565
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

KENNETH RAY RANDLE,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:10-CR-788-4

Before SMITH, PRADO, and HIGGINSON, Circuit Judges:

PER CURIAM:*

Kenneth Ray Randle pled guilty to aiding and abetting an armed bank robbery. He appeals the district court's within-guidelines sentence of 135 months imprisonment and four years of supervised release. He asserts that the district court erred in applying a four-level enhancement for abduction pursuant to U.S.S.G. § 2B3.1(b)(4)(A). He contends that moving a bank employee from the lobby area to the vault area of the bank does not constitute abduction. He adds that the enhancement should not apply unless "there is forced movement which

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

creates a greater risk of harm to the victim than any conduct which would occur in the 'ordinary' course of a robbery . . . whether or not any victim is physically restrained at the robbery scene."

Randle has not shown that the district court committed error, plain or otherwise, in applying the abduction enhancement in this case. Consistent with our holding in the appeals of Randle's co-defendants, the district court was correct in applying the enhancement because the robbers forced the tellers to move at gunpoint from the teller area to the vault area, enabling the robbers to commit the offense. *See United States v. Washington*, Nos. 11-20563, 11-20564, 11-20567, 2012 WL 6098021, at *5 (5th Cir. Dec. 10, 2012) ("The forced movement of a bank employee from one room of a bank to another—so long as it is in aid of commission of the offense or to facilitate escape—is sufficient to support the enhancement given the flexible approach we have adopted in this circuit."); *see also United States v. Johnson*, 619 F.3d 469, 472-74 (5th Cir. 2010) (finding there to be an abduction "even though the victim remained within a single building").

AFFIRMED.