# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

———————

No. 13-20550
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**

July 9, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SAMUEL GLEN BONNER, also known as Glen,

Defendant-Appellant

———————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:11-CR-61-3

———————————————

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Samuel Glen Bonner pleaded guilty, without the benefit of a plea agreement, to conspiracy to commit bank robbery, armed bank robbery, and the use of a firearm in furtherance of a crime of violence. He argues on appeal that the district court erred in applying enhancements to his base offense level pursuant to U.S.S.G. § 2B3.1(b)(4)(A) because the bank robbery involved the abduction of a person to facilitate the commission of the offense and pursuant

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to U.S.S.G. § 3B1.1(b) because Bonner was a manager/supervisor of the bank robbery. We review the district court's application of the Guidelines *de novo* and its factual findings for clear error. *United States v. Neal*, 578 F.3d 270, 273 (5th Cir. 2009).

Bonner argues, relying on cases from other circuits, that the district court erred in applying the abduction enhancement because merely moving bank employees from one room to another room within the bank building is insufficient to support the enhancement. However, we must follow our precedent, including *United States v. Johnson*, 619 F.3d 469, 473-74 (5th Cir. 2010), where we determined that the abduction enhancement was proper when a defendant moved a bank teller within a bank during a bank robbery.

Here, during the course of the bank robbery the bank manager was moved from the floor of the bank to the bank vault so that he could open the safe, then moved from the bank vault to his office so that he could retrieve the safe combination, then moved back to the bank vault so that he could open the safe. As in *Johnson*, we hold that this case presents the type of situation where the abduction enhancement was proper. Accordingly, on the facts of this case, the district court did not err in applying the abduction enhancement. *See Johnson*, 619 F.3d at 474; *see also United States v. Randle*, 532 F. App'x 501 (5th Cir. 2013) (unpublished) (concluding that forced movement of bank employee from one room to another is sufficient to support the abduction enhancement); *United States v. Washington*, 500 F. App'x 279, 285 (5th Cir. 2012) (unpublished) (same).

Bonner argues further that the district court erred in applying the manager/supervisor enhancement because his conduct was insufficient to sustain the enhancement. The district court's determination that Bonner was a manager or supervisor is a factual finding that we review for clear error.

*United States v. Nava*, 624 F.3d 226, 229 (5th Cir. 2010). "A factual finding is not clearly erroneous if it is plausible in light of the record as a whole." *Id.* "A district court may adopt the facts contained in a PSR without further inquiry if those facts have an adequate evidentiary basis with sufficient indicia of reliability and the defendant does not present rebuttal evidence or otherwise demonstrate that the information in the PSR is unreliable." *United States v. Rose*, 449 F.3d 627, 633 (5th Cir. 2006) (internal quotation marks and citation omitted). "The district court may find that a defendant exercised a [manager/supervisor] role by inference from the available facts." *United States v. Valdez*, 453 F.3d 252, 263 (5th Cir. 2006). In distinguishing between a leadership role and a managerial role, a sentencing court should consider factors such as "the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others." *See* U.S.S.G. § 3B1.1 cmt. n.4. We have reiterated that a sentencing court may use such factors to determine supervisor/manager status. *See, e.g.*, *United States v. Reagan*, 725 F.3d 471, 494 (5th Cir. 2013).

Here, the PSR indicated that Bonner and his codefendants met on the morning of the robbery, that Bonner provided a juvenile coconspirator with a cell phone to use during the robbery, that Bonner instructed him where to park the getaway car, that Bonner called him both before and during the robbery to direct his movements, and that Bonner "cased" the bank before the robbery. Moreover, the district court considered what it had heard at the trial of Bonner's codefendants, without objection by Bonner; indeed, Bonner himself invoked trial evidence to support the contention that he was not a manager or

supervisor. *See United States v. Valencia*, 44 F.3d 269, 272-73 & n.6 (5th Cir. 1995). At trial, the juvenile coconspirator testified that Bonner, his uncle, had called him the night before the robbery to advise him of the plan. Given the unrebutted evidence concerning Bonner's role in the offense, he has not shown that the district court clearly erred in determining that he was a manager or supervisor. *See Reagan*, 725 F.3d at 494; *Rose*, 449 F.3d at 633-34.

We note that even if the district court had misapplied the Guidelines in this case, the government has satisfied its burden of showing that any such error would be harmless because the district court explicitly stated that even if it had miscalculated or misapplied the Guidelines, it would, in light of the 18 U.S.C. § 3553(a) factors, impose the same sentence. *See United States v. Richardson*, 676 F.3d 491, 511 (5th Cir. 2012); *United States v. Bonilla*, 524 F.3d 647, 656 (5th Cir. 2008).

The judgment of the district court is AFFIRMED.