# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

December 23, 2015

No. 15-50216
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ERIC VELASQUEZ-OSMAN,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:14-CR-704-1

Before WIENER, HIGGINSON, and COSTA, Circuit Judges.

PER CURIAM:*

Eric Velasquez-Osman appeals the 46-month sentence of imprisonment imposed upon his conviction for illegal reentry. The objection raised by Velasquez in the district court did not preserve his current contention that the sentence is substantively unreasonable. *See United States v. Neal*, 578 F.3d 270, 272 (5th Cir. 2009); *United States v. Peltier*, 505 F.3d 389, 391 (5th Cir. 2007). Accordingly, review is for plain error. *See Peltier*, 505 F.3d at 391.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-50216

The district court sentenced Velasquez at the low end of the Guidelines range.  Velasquez's account of his prior kidnapping conviction as merely an "unfortunate domestic incident" is insufficient to rebut the presumption of reasonableness that is afforded a sentence within the Guidelines range.  *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).  His argument fails to establish that the district court did not account for a factor that should have received significant weight, gave weight to an irrelevant or improper factor, or clearly erred in balancing the factors.  *Id.*  Although an unwarranted disparity is a sentencing factor to be considered under 18 U.S.C. § 3553(a), the relevant disparity is among similarly-situated defendants nationwide.  *See United States v. Candia*, 454 F.3d 468, 476 (2006).  Velasquez provides no support for his contention that the disparity analysis requires symmetry between a defendant's current federal sentence and his prior sentences.  Further, this court has rejected the contention that a presumption of reasonableness should not be afforded a within-Guidelines sentence when a defendant's prior conviction is used both to support an offense level enhancement and to assess criminal history points.  *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009).

Because Velasquez has failed to show that his sentence is unreasonable, the judgment of the district court is AFFIRMED.

2