**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 7, 2009

Charles R. Fulbruge III
Clerk

No. 08-30693

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JOSEPH M NEAL

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana

Before WIENER, GARZA, and ELROD, Circuit Judges.

EMILIO M. GARZA, Circuit Judge:

Defendant Joseph M. Neal appeals his 188-month sentence for being a felon in possession of firearms in violation of 18 U.S.C. § 922(g)(1). For the following reasons, we vacate the sentence and remand for re-sentencing.

**I**

Neal, who was previously convicted of a drug-related felony, was found in possession of firearms. The facts are largely undisputed: Police officers responded to a domestic disturbance call at Neal's apartment. Upon arrival, Neal's estranged girlfriend informed the officers that Neal was in possession of illegal drugs. Neal consented to a search of his apartment, and the officers

discovered (1) two firearms in the bedroom closet and (2) undetermined amounts of cocaine, ecstacy, hydrocodone, and marijuana elsewhere in the apartment.

As a result of this incident, Neal pleaded guilty in state court to one count of possession of hydrocodone, resulting in the dismissal of the other possession charges against him. In federal court, Neal pleaded guilty to being a felon in possession of firearms in violation of 18 U.S.C. § 922(g)(1). A probation officer completed a Pre-Sentence Investigation Report (PSR). Of relevance here, the PSR recommended a heightened offense level of 31 and criminal-history category of VI based on the finding that Neal was an armed career criminal who possessed the two firearms "in connection with a crime of violence or a controlled substance offense." *See* U.S.S.G. § 4B1.4(b)(3)(A) & (c)(2). Specifically, the PSR found that "the defendant possessed the firearms along with controlled substances, therefore the defendant is deemed to have used or possessed the firearms in connection with a crime of violence or a controlled substance offense." Neal objected to application of the enhancements in § 4B1.4(b)(3) & (c)(2). However, after a multi-part sentencing hearing, the district court overruled all objections and adopted the recommendations of the PSR, resulting in a Guidelines sentencing range of 188–235 months. The district court selected from the low end of this range and imposed a 188-month sentence.

Neal now appeals, arguing that the district court erroneously calculated his Guidelines range because simple possession of drugs is not a "controlled substance offense" for purposes of the Guidelines enhancements in § 4B1.4(b)(3) & (c)(2).

## II

The parties dispute the appropriate standard of review. The government contends that Neal failed to preserve the specific issue raised now on appeal and asks this Court to apply plain-error review. *See United States v. Medina-Anicacio*, 325 F.3d 638, 643 (5th Cir. 2003) ("When a defendant objects

to his sentence on grounds different from those raised on appeal, we review the new arguments raised on appeal for plain error only."). Neal counters that his objections were sufficient to preserve the issue. We agree.

To preserve error, an objection must be sufficiently specific to alert the district court to the nature of the alleged error and to provide an opportunity for correction. *United States v. Ocana*, 204 F.3d 585, 589 (5th Cir. 2000). Here, Neal raised the following complaint in his written objections to the PSR:

> 2. Page 4 ¶ 20, defendant objects to the Probation Office's finding that, pursuant to U.S.S.G. § 4B1.4(A), defendant should be considered an armed career criminal in that he used or possessed a firearm or ammunition in connection with a crime of violence or controlled substance offense as defined in U.S.S.G. § 4B1.2(A). Weapons found in Mr. Neal's residence were not used nor were they possessed in connection with a crime of violence or controlled substance offense.

The government contends that this objection was too general to preserve error, as Neal never specifically alleged that simple possession of drugs fell outside the Guidelines definition of a "controlled substance offense." The government notes that the district court construed Neal's written response as objecting solely to the *proximity* of the drugs, *i.e.*, to whether the firearms found in the bedroom closet were possessed "in connection with" the drugs found elsewhere in the apartment. The government faults Neal for failing to clarify the basis of his objection after the district court's initial response.

While Neal could certainly have been more clear and more persistent in raising an objection based on the definition of "controlled substance offense," we conclude that his actions were sufficient to preserve error. For preservation purposes, we have never required a defendant to reiterate an objection simply because the trial court misconstrues or fails to respond to the original. The central inquiry is the specificity and clarity of the initial objection, not the defendant's persistence in seeking relief. *See Medina-Anicacio*, 325 F.3d at 642

("[O]nce a party raises an objection in writing, if he subsequently fails to lodge an oral on-the-record objection, the error is nevertheless preserved for appeal.").

Here, it is sufficiently clear that Neal objected to his possession conviction being deemed a "controlled substance offense." The second paragraph of Neal's written response to the PSR, set forth *supra*, specifically objects to the PSR's finding that the firearms were possessed in connection with a "controlled substance offense," and cites to the relevant *definitions section* of the Guidelines for support.[1] While the district court may have subsequently focused its analysis on the spatial relationship between the drugs and the firearms, we note that Neal raised this "proximity" objection explicitly and separately in the first paragraph of his written response. As such, it is reasonable to infer that the second paragraph was intended to raise a different objection, one based on the definition of a "controlled substance offense." Moreover, during the sentencing hearing, Neal emphasized that his "predicate offense" was simple possession of a small amount of hydrocodone. While this statement standing alone may have been insufficient, we conclude that the combination of Neal's oral and written objections was sufficient to preserve error in this case. *See Ocana*, 204 F.3d at 589.

Because Neal preserved error, we exercise our typical review of sentencing decisions: We first "consider whether the district court committed a significant procedural error, such as improperly calculating the Guidelines range, treating the Guidelines as mandatory, or selecting a sentence based on clearly erroneous facts." *United States v. Delgado-Martinez*, 564 F.3d 750, 751 (5th Cir. 2009) (citing *Gall v. United States*, 552 U.S. 38 (2007)). "If the sentence is procedurally

---

[1] Neal actually cites to subsection 4B1.2(a), which defines a "crime of violence." The definition for a "controlled substance offense" is found at the immediately succeeding subsection, 4B1.2(b). However, given that this case involves no allegations of a "crime of violence," we infer that Neal intended to cite to either subsection (b) or the definitions section generally.

sound, we then consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Id.* (internal quotations omitted). "In exercising this bifurcated review process, we continue to review the district court's application of the Guidelines *de novo* and its factual findings for clear error." *Id.*

## III

Neal contends that the district court erroneously calculated his Guidelines range by relying on his mere possession of narcotics to justify the enhancements under U.S.S.G. § 4B1.4(b)(3) & (c)(2). We agree.

A defendant is subject to the enhancements in § 4B1.4(b)(3) & (c)(2) if he possesses firearms in connection with a "controlled substance offense," which the Guidelines define as a crime involving "the manufacture, import, export, distribution, or dispensing of a controlled substance . . . or the possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. § 4B1.2(b). Mere possession of illegal drugs, without more, is not a "controlled substance offense" for these purposes. *Salinas v. United States*, 547 U.S. 188, 188 (2006).

Here, Neal was found with "undetermined" amounts of illegal drugs in his home. The district court did *not* make a finding that Neal possessed the drugs "with intent to manufacture, import, export, distribute, or dispense." *See* § 4B1.2(b). Indeed, the government concedes that there is no evidence in the record to support such a finding. Accordingly, Neal did not possess the firearms in connection with a "controlled substance offense," and application of the enhancements in § 4B1.4(b)(3) & (c)(2) was erroneous. Absent these

enhancements, Neal's Guidelines range would have been 180–188 months,[2] instead of the 188–235 months calculated below.

Where, as here, the district court commits a significant procedural error such as miscalculating the Guidelines range, we must vacate the sentence unless the error did not affect the selection of the sentence imposed. *Delgado-Martinez*, 564 F.3d at 753. The proponent of the sentence has the burden of establishing that the error was harmless. *Id*. Here, the government notes that Neal's 188-month sentence falls within both the correctly and incorrectly calculated ranges. However, "[w]hile the fact that the actual sentence falls within the properly calculated Guidelines range may at times be relevant to the harmless-error inquiry, it is not dispositive." *Id*. Based on our independent review of the record, we find no indication that the district court would have imposed the same sentence regardless of the Guidelines range. Accordingly, we cannot conclude that error was harmless and must remand. *See id*. at 754.

## IV

For the foregoing reasons, we VACATE the defendant's sentence and REMAND for re-sentencing.

---

[2] The parties agree that, absent the "controlled substance offense" enhancements, Neal's total offense level would have been 30 (instead of 31) and his criminal-history category would have been V (instead of VI), which normally would have resulted in a Guidelines range of 155–188 months. *See* U.S.S.G. Sentencing Table. However, because Neal is subject to a statutory mandatory minimum sentence of 180 months, 180 months acts as the low end of the Guidelines range. *See* U.S.S.G. § 5G1.1(c).