# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 23, 2011

No. 10-20268
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RAFAEL RICHARTE,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:09-CR-543-1

Before GARWOOD, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:*

Rafael Richarte appeals the 57-month term of imprisonment imposed by the district court following his guilty plea conviction of one count of conspiring to interfere with commerce by robbery, in violation of 18 U.S.C. § 1951, commonly known as the Hobbs Act. He argues that the district court erred in its determination that U.S.S.G. § 2X1.1 was applicable to his offense. Richarte maintains that the district court should have applied U.S.S.G. § 2B3.1.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

This court typically reviews a district court's interpretation or application of the Sentencing Guidelines *de novo*. *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). However, "[w]hen a defendant objects to his sentence on grounds different from those raised on appeal, we review the new arguments raised on appeal for plain error only." *United States v. Medina-Anicacio*, 325 F.3d 638, 643 (5th Cir. 2003).

The parties dispute the applicable standard of review. The Government argues for plain error review because Richarte did not object to the application of § 2X1.1 in the district court. Richarte maintains that the issue was preserved because the district court was asked at the sentencing hearing to determine whether § 2B3.1 or § 2X1.1 was to be applied, and he notes that he set forth alternative arguments in the district court as to how the guidelines should be applied under each section.

"To preserve error, an objection must be sufficiently specific to alert the district court to the nature of the alleged error and to provide an opportunity for correction." *United States v. Neal*, 578 F.3d 270, 272 (5th Cir. 2009). Exacting precision is not required; nor is it necessary that the district court properly construe the issue or rule on it. *See id.* at 272-73. A defendant will not be limited to plain error review if he did not have an opportunity to object at sentencing, or if "the party made its position clear to the district court and to have objected would have been futile." *United States v. Castillo*, 430 F.3d 230, 242 (5th Cir. 2005).

Richarte did not contend in the district court that § 2B3.1 was the guideline applicable to his offense, nor did he argue against the application of § 2X1.1. Indeed, in his written objections to the Presentence Report, Richarte argued that § 2X1.1 was the appropriate section of the Guidelines for a conspiracy to commit a violation of the Hobbs Act. Richarte also did not object at the sentencing hearing after the district court had expressed its determination that § 2X1.1 applied.

No. 10-20268

Because Richarte did not preserve the issue, we will review for plain error. *See United States v. Alvarado-Santilano*, 434 F.3d 794, 795 (5th Cir. 2005). To demonstrate plain error, an appellant must show a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). If he makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id.*

Under our precedent, § 2X1.1 is the guideline applicable to a conspiracy to violate the Hobbs Act by extortion. *United States v. Villafranca*, 260 F.3d 374, 381 (5th Cir. 2001). We have not specifically addressed whether § 2X1.1 is applicable to a conspiracy to interfere with commerce by robbery. The published opinions of other circuits reveal a split on this question. *See, e.g. United States v. Amato*, 46 F.3d 1255, 1261-62 (2d Cir. 1995) (holding that § 2X1.1 is applicable); *United States v. Thomas*, 8 F.3d 1552, 1564-65 (11th Cir. 1993) (holding that § 2X1.1 is inapplicable).

An appellant cannot demonstrate plain error where this circuit's law is unsettled and other federal circuits have reached divergent conclusions. *United States v. Salinas*, 480 F.3d 750, 759 (5th Cir. 2007). Because Richarte has not met his burden to establish plain error, the judgment of the district court is AFFIRMED.