# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 24, 2012

No. 11-10821
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

EDUARDO HERNANDEZ-GUTIERREZ,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:11-CR-40-1

Before SMITH, BARKSDALE, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Eduardo Hernandez-Gutierrez pleaded guilty to a single count of illegal reentry after deportation. The presentence investigation report (PSR) calculated a Guidelines range of 24 to 30 months' imprisonment; however, as suggested in the PSR, the district court departed upward pursuant to Guideline § 4A1.3, based on the inadequacy of the criminal-history category, to a sentence of 45-months' imprisonment.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Hernandez contends the district court procedurally erred in departing upward because: it did not consider each intermediate step in the process before selecting his sentence; and, to determine his sentence, it used the reasonableness standard employed by appellate courts. Because Hernandez failed to preserve either of these issues in district court, review is only for plain error. *E.g., United States v. Neal*, 578 F.3d 270, 272 (5th Cir. 2009). To establish reversible plain error, Hernandez must show a forfeited error that is clear or obvious and affects his substantial rights. *E.g., Puckett v. United States*, 556 U.S. 129, 135 (2009). If such showing is made, our court retains the discretion to correct the error and generally will do so only if the reversible plain error "seriously affects the fairness, integrity or public reputation of judicial proceedings". *Id.* (internal quotation marks omitted).

As our court has stated, "it is well settled that a district court does not need to go through a ritualistic exercise in which it mechanically discusses each criminal history category it rejects en route to the category that it selects, and that the court's reasons for rejecting intermediate categories will be quite apparent in its stated reasons for departure". *United States v. Zuniga-Peralta*, 442 F.3d 345, 348 n.2 (5th Cir. 2006) (internal quotation marks omitted). At sentencing, the district court stated that it determined the extent of the departure by moving "incrementally" through the Guidelines sentencing table as required by § 4A1.3(a)(4). In addition, the district court's adoption of the PSR and its statements at sentencing explain that it found an upward departure was warranted and the intermediate categories and levels were insufficient, because of Hernandez' continued disregard of immigration procedures and his continuing criminal activity. U.S.S.G. § 4A1.3(a)(2)(C). The district court's explanation for the departure implicitly established the rationale for rejecting the intervening levels. *See Zuniga-Peralta*, 442 F.3d at 348 n.2. Therefore, Hernandez has not shown error.

No. 11-10821

Hernandez also contends the district court erred by using an appellate-"reasonableness" standard in determining his sentence; he maintains the court was required instead to impose a sentence that was sufficient but not greater than necessary to meet the objectives of 18 U.S.C. § 3553(a) (including, *inter alia*, nature of offense, history of defendant, and need for sentence imposed to protect the public and promote respect for law). It is correct that, at sentencing, the district court stated it had concluded the sentence was "reasonable". However, the court also stated that the sentence was based on both the advisory Guidelines and the § 3553(a) sentencing factors. In particular, immediately before referring to the sentence as "reasonable", the district court stated that the sentence was "sufficient but not greater than necessary" to achieve the § 3553(a) sentencing objectives. The district court's subsequent conclusion that the sentence also was reasonable was not error.

AFFIRMED.