**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 8, 2012

Lyle W. Cayce
Clerk

No. 11-40611

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JORGE GOMEZ-VEGA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:10-CR-1947-1

Before SMITH, GARZA, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Jorge Gomez-Vega pled guilty to assaulting, resisting, or interfering with a border patrol officer in the course of the officer's duties. *See* 18 U.S.C. § 111(a)(1). On appeal, he argues the district court incorrectly applied the Sentencing Guidelines. We agree. Consequently, we VACATE his sentence and REMAND for re-sentencing.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-40611

FACTS

On August 9, 2010, border patrol agents near Laredo, Texas discovered footprints indicating at least one person had recently entered the United States by crossing the Rio Grande near that location. The agents requested a helicopter to help with a search. The pilot spotted unattended bundles of marijuana near the border, and they were secured by agents on the ground. Then the pilot noticed four individuals, including Gomez-Vega, running near the area where the bundles had been discovered. Agents gave chase on foot. Agent Coria was the first to reach the group. Gomez-Vega resisted but eventually he was restrained. The pursuit and struggle left Agent Coria feeling dizzy and nauseous. At some point, he vomited. He was suffering from dehydration and exhaustion and received oxygen and intravenous fluids.

Gomez-Vega consented to being tried under a criminal information in the United States District Court for the Southern District of Texas. He then pled guilty to an information stating that he "did forcibly assault, resist, oppose, impede, intimidate, and interfere with United States Border Patrol Agent Luis C. Coria, such acts involved physical contact, while Border Patrol Agent Luis C. Coria was engaged in performance of official duties."

A presentence report was prepared. It determined the total offense level for Gomez-Vega's conduct was 23. The calculation was based on the conclusion that the aggravated assault Guideline, U.S.S.G. § 2A2.2(a), was the proper starting point. From there, three levels were added because Agent Coria suffered a bodily injury, and six more because the assault involved an official victim. Gomez-Vega objected to each of these determinations.

The district court found that the PSR had appropriately applied the Guidelines and calculated Gomez-Vega's sentence. The court then imposed a sentence of 46 months imprisonment, three years of supervised release, and a $100 special assessment. Gomez-Vega appeals this sentence.

No. 11-40611

DISCUSSION

"We review a district court's interpretation or application of the Sentencing Guidelines *de novo* and its factual findings for clear error." *United States v. Cantu-Ramirez*, 669 F.3d 619, 628 (5th Cir. 2012). A sentencing court's "finding of fact is clearly erroneous if we are left with a definite and firm conviction that a mistake has been committed." *United States v. Hernandez*, 670 F.3d 616, 620 (5th Cir. 2012) (quotation marks and citation omitted).

Gomez-Vega argues that the district court erred in three ways. Two perceived errors concern findings of fact: that Gomez-Vega had the intent to commit another felony while he was resisting Agent Coria and that Agent Coria suffered a bodily injury. *See, e.g., United States v. Goynes*, 175 F.3d 350, 353 (5th Cir. 1999); *United States v. Guerrero*, 169 F.3d 933, 946-47 (5th Cir. 1999). The third objection is to the application of the enhancement for bodily injury.

Gomez-Vega's first challenge concerns the proper Guideline to use for his offense. When a person has been found guilty of violating 18 U.S.C. § 111, the sentencing court can apply either U.S.S.G. § 2A2.2 or § 2A2.4. *See* U.S.S.G. app. A. It is left to the court to "select the most appropriate section based upon the nature of conduct charged in the count for which the defendant was convicted." *United States v. Principe*, 203 F.3d 849, 851 (5th Cir. 2000). Gomez-Vega contends that his conduct does not warrant application of Section 2A2.2.

"If the conduct constituted aggravated assault," the Guideline for obstructing and impeding officers requires application of Section 2A2.2. U.S.S.G. § 2A2.4(c). By implication, Section 2A2.4 should be used when there was not an aggravated assault. *See United States v. Hooker*, 997 F.2d 67, 75 (5th Cir. 1993). "Aggravated assault," as used in this part of the Guidelines, "means a felonious assault that involved (A) a dangerous weapon with intent to cause bodily injury (i.e., not merely to frighten) with that weapon; (B) serious bodily injury; or (C) an intent to commit another felony." U.S.S.G. § 2A2.2 cmt. n.1.

No. 11-40611

The PSR recommended that the Guideline for aggravated assault be used based on a determination that a non-serious bodily injury was suffered by the agent.  After Gomez-Vega objected, an addendum to the PSR was filed.  An additional reason for the enhancement was now offered: Gomez-Vega was committing other felonies during the assault because he had illegally entered the United States and also was assisting in a drug crime.

The district court accepted the probation office's "scoring" of the offense. On appeal, though, the government has abandoned one of the reasons for the 2A2.2 enhancement.  One of the felonies Gomez-Vega allegedly was committing was the offense of being in the United States illegally after having been deported previously, in violation of 8 U.S.C. § 1326.  *See United States v. Santana-Castellano*, 74 F.3d 593, 598 (5th Cir. 1996).  At oral argument on appeal, the government conceded that Gomez-Vega could not have intended to violate Section 1326 because he had not previously been deported.  We might question the concession in light of an appropriate and commendable acknowledgment by defense counsel of something he discovered in preparations for oral argument.  The PSR mentions that the visa Gomez-Vega received at age 13 was "terminated a year ago after [he was] deported to Mexico."  We conclude that reference does not allow us to affirm, as it is contrary to the government's representation that he has not been deported.

We also conclude that other potential felony offenses involving the drugs or the illegal entry had been completed prior to Gomez-Vega's flight from the officer.  They are not alternative reasons to affirm the sentence.

Gomez-Vega next argues that the district court should not have applied a bodily-injury enhancement because Agent Coria had no bodily injury.  The PSR contains the sole description of Agent Coria's condition after Gomez-Vega's arrest.  The PSR determined that he suffered a bodily injury.  It explained that he suffered from nausea, vomiting, and dizziness due to dehydration and

exhaustion.   Gomez-Vega asserts that none of these conditions are a "bodily injury" as that term is used within the Guidelines.

"Bodily injury" is a defined term – it means "any significant injury; e.g., an injury that is painful and obvious, or is of a type for which medical attention ordinarily would be sought." U.S.S.G. § 1B1.1 cmt. n.1(B).  This broad definition provides limited guidance, leaving the boundaries to be marked by the courts.

During sentencing, the district court stated that Agent Coria suffered "no visible sign of any tangible physical injury," then repeated that point later.  The court observed that it was "not infrequent to experience" symptoms like nausea after a chase like this.  We interpret the district court's statements to be a finding that no significant injury occurred, and thus no "bodily injury." That was not clear error.

When a district court erroneously applies the Guidelines, we vacate the sentence unless the error was harmless.  *United States v. Neal*, 578 F.3d 270, 274 (5th Cir. 2009).  It is the government's burden to prove that the error is harmless.  *See id.*  The government has not made that argument.  Accordingly, we VACATE the sentence and REMAND to the district court for re-sentencing.