# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-20757
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 10, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

DAVID WILSON HOLIDAY,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:12-CR-638-3

Before SMITH, BARKSDALE, and PRADO, Circuit Judges.

PER CURIAM:*

David Wilson Holiday appeals his 135-month sentence following a guilty-plea conviction for aggravated bank robbery.  He claims the district court erred by applying a four-level enhancement for abduction pursuant to Sentencing Guideline § 2B3.1(b)(4)(A) ("If any person was abducted to facilitate commission of the offense or to facilitate escape, increase by 4 levels.").

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 13-20757

Although post-*Booker*, the Guidelines are advisory only, and a properly preserved objection to an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the advisory Guidelines-sentencing range for use in deciding on the sentence to impose. *Gall v. United States*, 552 U.S. 38, 51 (2007).   In that respect, for issues preserved in district court, its interpretation and application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g., United States v. Neal*, 578 F.3d 270, 273 (5th Cir. 2009).

The Guidelines define "abducted" to mean that "a victim was forced to accompany an offender to a different location".  U.S.S.G. § 1B1.1, cmt. n.1(A). Our court interprets "a different location" flexibly and on a case-by-case basis. *United States v. Hawkins*, 87 F.3d 722, 727–28 (5th Cir. 1996).

Along that line, Holiday and two armed co-defendants forced the bank manager and another employee (the victims) to lie on the ground and then to get up and enter the adjoining cash room to open the safe.  Although Holiday contends the victims were not required to move more than a few steps, this was sufficient to constitute the requisite forced accompaniment to a different location. *E.g., United States v. Johnson*, 619 F.3d 469, 474 (5th Cir. 2010).

AFFIRMED.

2