# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-10362
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
March 3, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

STEVE TEPP,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:02-CR-55-1

Before BARKSDALE, GRAVES, and COSTA, Circuit Judges.

PER CURIAM:[*]

Steve Tepp appeals the 36-month sentence imposed following the revocation of his supervised release. The sentence was above the advisory Sentencing Guidelines range. Among other things, in imposing the sentence, the district court concluded a further term of supervised release was inappropriate because, *inter alia*, it would not be a good use of resources, given Tepp's previous violations of the terms of supervised release. Tepp contends

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

the court's reasons for the sentence were plainly unreasonable, focusing on the court's statement that "the government wasted enough money trying to straighten [Tepp] out through supervised release".

Although Tepp made a general objection that the sentence was "substantially and procedurally unreasonable", he did not raise a specific objection to the court's reasoning, as he does now. *See United States v. Neal*, 578 F.3d 270, 272 (5th Cir. 2009) ("To preserve error, an objection must be sufficiently specific to alert the district court to the nature of the alleged error and to provide an opportunity for correction."). Accordingly, review is only for plain error. *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012). Under that standard, Tepp must show a forfeited plain (clear or obvious) error that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he does so, we have the discretion to correct the reversible plain error, but should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings". *Id.*

Regardless of Tepp's specificity in objecting to his sentence, he has not shown error, plain or otherwise. The record as a whole shows the court weighed the pertinent 18 U.S.C. § 3553 sentencing factors and did not consider any improper factors. Specifically, the court's choice of sentence was grounded in its conclusion that Tepp previously violated the terms of his supervised release. This conclusion took into account his history and characteristics, as well as the need to provide him drug-dependency treatment in the most efficacious manner. *See* 18 U.S.C. §§ 3553(a)(1), (a)(2)(D), 3583(e). The court's remarks evince its consideration of the pertinent § 3553(a) factors, and its determination that a sentence within the advisory Guidelines sentencing range was inadequate.

AFFIRMED.

2