# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-10926
Summary Calendar

United States Court of Appeals
Fif h Circuit

**FILED**

July 11, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LAMONT FLOYD DEVAUGHN,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:07-CR-4-1

Before HIGGINBOTHAM, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Lamont Floyd Devaughn appeals the 18-month sentence of imprisonment imposed following the revocation of his supervised release.[1] He argues that the district court failed to sufficiently articulate its reasons for

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] In the same proceeding, the district court sentenced Devaughn to a consecutive revocation term of 24 months of imprisonment in his escape case. Devaughn does not challenge the 24-month sentence or the consecutive nature of the revocation sentences. Thus, he has waived any argument he may have made by failing to brief these issues. *See United States v. Thames*, 214 F.3d 608, 611 n.3 (5th Cir. 2000).

No. 16-10926

imposing a sentence above the range of imprisonment set forth in the non-binding policy statements found in U.S.S.G. § 7B1.4. He also complains that the sentence does not account for "multiple" factors under 18 U.S.C. § 3553(a) that should have received significant weight and claims that the district court improperly considered unproven allegations in the Supervised Release Violation Report (SRVR).

The parties dispute whether counsel's objection to the sentence during the revocation hearing sufficiently preserved the issues on appeal and whether this court should apply the "plainly unreasonable" or "plain error" standard of review. Although Devaughn objected when the district court announced the revocation sentences on the ground that they were "not within the policy guidelines," he did not object for the reasons that he now asserts. As such, our review is for plain error. *See United States v. Neal*, 578 F.3d 270, 272 (5th Cir. 2009).

When a district court imposes a revocation sentence outside of the Guidelines, it must provide some explanation for the sentence. *Rita v. United States*, 551 U.S. 338, 357-58 (2007); *see also* § 3553(c). The failure to do so constitutes clear and obvious error under plain error review. *United States v. Kippers*, 685 F.3d 491, 498 (5th Cir. 2012).

Here, the district court was aware of the nature of Devaughn's supervised release violations, and it understood the applicable guideline range and the statutory maximum. The court heard defense counsel's argument for a sentence within the advisory guideline range, and it considered Devaughn's allocution. After imposing the 18-month sentence, the district court explained the reasons for the sentence imposed, stating that the sentence was necessary to "protect the public from future criminal acts of the defendant" and to "afford adequate deterren[ce]" to criminal conduct. The court's explanation, which

echoed the relevant § 3553(a) factors, was sufficient to communicate the court's reasons for imposing a non-guidelines sentence. *See Rita*, 551 U.S. at 356. Devaughn has failed to show error with respect to this issue. *See United States v. Whitelaw*, 580 F.3d 256, 260 (5th Cir. 2009).

Devaughn also makes a vague due process argument that the district court improperly based its above-guideline sentence on allegations in the SRVR that "were not proved." To the extent that he means that the district court's sentence was influenced by the pending state charges for assault and burglary of a habitation as set out in the SRVR, but not pursued as a basis for revocation, he has failed to demonstrate plain error. *See Whitelaw*, 580 F.3d at 260. The court imposed its above-guideline sentence after finding that Devaughn violated the conditions of his supervised release by using methamphetamine and by failing to comply with the drug testing requirement. The court did not refer to Devaughn's other alleged criminal conduct or give any indication that its sentence was influenced by such conduct.

Devaughn also argues that his revocation sentence was substantively unreasonable because the district court failed to account for the fact that he "did not make any excuses for his actions [or] deny the allegations" related to his supervised release violations. This argument is without merit, as the record clearly demonstrates that the district court considered Devaughn's plea of true to the allegations regarding his drug use, as well as his statement that he "accept[ed] full responsibility for [his] actions," (i.e., "doing [] drugs while [] on supervised release"). To the extent that Devaughn argues that the district court should have considered the need for the sentence to provide Devaughn with drug treatment, such omission does not constitute plain error. In fact, a district court may not fashion a sentence so as to allow a defendant "to complete a treatment program or otherwise to promote rehabilitation." *Tapia*

*v. United States*, 564 U.S. 319, 335 (2011).  Devaughn has failed to show any error, much less plain error, with respect to his revocation sentence. *See Whitelaw*, 580 F.3d at 260.

The judgment of the district court is AFFIRMED.