# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-50180

United States Court of Appeals
Fifth Circuit

**FILED**

March 9, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DANIEL EUGENE THURSTON,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:04-CR-40-1

Before DAVIS, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Daniel Eugene Thurston appeals the sentence imposed at resentencing for his conviction of being a felon in possession of a firearm. He argues that the district court committed reversible error by considering an incorrect range of supervised release.

We review Thurston's claim for plain error. *See United States v. Neal*, 578 F.3d 270, 272 (5th Cir. 2009). To show plain error, the defendant must

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-50180

show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, this court has the discretion to correct the error but should do so only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

The district court considered an incorrect range of supervised release when fashioning Thurston's sentence. That error arguably affected Thurston's substantial rights. There is nothing in the record, however, indicating that a miscarriage of justice would result from a failure to correct the error because Thurston received a term of supervised release within the correct guidelines range. *See United States v. Escalante-Reyes*, 689 F.3d 415, 425 (5th Cir. 2012) (en banc); U.S.S.G. § 5D1.2(a)(2).

**AFFIRMED**.