# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-41000
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 22, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff−Appellee,

versus

BRUCE LEE CISNEROS, Also Known as Monstro, Also Known as O.G.,

Defendant−Appellant.

Appeal from the United States District Court
for the Southern District of Texas
No. 2:16-CR-706-14

Before SMITH, WIENER, and WILLETT, Circuit Judges.

PER CURIAM:[*]

Bruce Cisneros and thirteen co-defendants were charged with conspiracy

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-41000

to engage in racketeering activity, i.e., drug trafficking, on behalf of the Texas Mexican Mafia ("TMM"),[1] in violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(d).  Cisneros was also charged individually with possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) and with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  He pleaded guilty to all three charges.

Cisneros contends that the district court abused its discretion by denying his request for a minimal or minor role adjustment under U.S.S.G. § 3B1.2.  He also challenges the substantive reasonableness of his below-guideline sentence of 102 months.

Whether Cisneros was a minimal or minor participant under § 3B1.2 is a factual determination that this court reviews for clear error.  *See United States v. Torres-Hernandez,* 843 F.3d 203, 207 (5th Cir. 2016).  A factual finding is not clearly erroneous if plausible in light of the record as a whole.  *Id.*  The defendant has the burden of proving by a preponderance of the evidence that a § 3B1.2 adjustment is warranted.  *Id.*

Cisneros distributed cocaine and heroin for David Maseda, Jr., a TMM "lieutenant" and a ringleader of the RICO conspiracy.  Cisneros was in regular contact with Maseda, and cell phone records revealed that his phone number was intercepted on Masada's cell phone twenty-one times in just one week.  A search of Cisneros's cell phone also revealed text messages with other TMM members about illegal activities of the enterprise and about collection of "the dime," a 10% tax levied by the TMM on the profits from any TMM member's

---

[1] The TMM originated in the Texas prison system in the 1980s as a cultural heritage group.  It has evolved into a criminal enterprise that deals in drugs, assassination contracts, prostitution, robbery, and firearms.

criminal ventures.

Cisneros also claimed ownership of at least some of the drugs in the conspiracy. As the government maintains, it is at least plausible to infer that Cisneros stood to benefit financially from the TMM's criminal activities, given his admitted ownership of the drugs. *See* § 3B1.2, comment. n.3(C)(v). Furthermore, the fact that Cisneros pleaded guilty to three charges, as distinguished from a single RICO conspiracy charge, weighs against any notion that he was substantially less culpable than the average participant. *See* § 3B1.2, comment. (n.3(A)). As the district court observed, many of the defendants, some of whom were low-ranking TMM prospective members like Cisneros, faced only a single RICO conspiracy charge. Based on these facts, the determination that Cisneros was not entitled to a § 3B1.2 reduction was plausible in light of the record as a whole and was not clearly erroneous. *See Torres-Hernandez,* 843 F.3d at 207.

Cisneros posits that the sentence is substantively unreasonable. The substantive reasonableness of a sentence is generally reviewed for abuse of discretion, *United States v. Neal*, 578 F.3d 270, 273 (5th Cir. 2009), but because Cisneros failed to object on this basis in district court, this court's review is for plain error only, *see United States v. Peltier*, 505 F.3d 389, 392 (5th Cir. 2007); *see also Puckett v. United States*, 556 U.S. 129, 135 (2009).

According to Cisneros, the district court "grant[ed] a variance to make [him] subject to guideline sentencing under criminal history category II." He suggests that the sentence is substantively unreasonable because it is above the resulting guidelines range of 78 to 97 months that applies to criminal history category II.[2]

---

[2] This guidelines calculation assumes the applicability of a minor-role adjustment, and as discussed above, the district court correctly refused such an adjustment.

No. 17-41000

The district court did not, as Cisneros contends, grant a variance to criminal history category II. The court took into account the fact that Cisneros received criminal history points for a conviction that was almost 15 years old, but it applied the correct criminal history category (III), the correct offense level (29), and the correct guideline range (108–135 months). Cisneros has failed to rebut the presumption of reasonableness that attaches to a below-guideline sentence or otherwise show that the sentence is substantively unreasonable on plain-error review. *See United States v. Simpson*, 796 F.3d 548, 557 (5th Cir. 2015).

The judgment is AFFIRMED.