# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

———————

No. 18-10440
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**
February 25, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE SANTILLAN,

Defendant-Appellant

———————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:17-CR-29-1

———————

Before BENAVIDES, HAYNES, and WILLETT, Circuit Judges.

PER CURIAM:*

Jose Santillan appeals from his jury verdict conviction for conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and (b)(1)(A)(viii). The district court sentenced Santillan to a within-guidelines term of 212 months of imprisonment, followed by five years of supervised release.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-10440

On appeal, Santillan argues that the evidence produced at trial was insufficient to support the jury's verdict because a cooperating co-conspirator's testimony that Santillan was his source for methamphetamine was incredible and uncorroborated.  Because his challenge is preserved, it is subject to de novo review.  *See United States v. Frye*, 489 F.3d 201, 207 (5th Cir. 2007); *United States v. Resio-Trejo*, 45 F.3d 907, 910 n.6 (5th Cir. 1995).  We view "all evidence, whether circumstantial or direct, in the light most favorable to the Government with all reasonable inferences to be made in support of the jury's verdict." *United States v. Moser*, 123 F.3d 813, 819 (5th Cir. 1997).

Unless it is factually insubstantial or incredible, a co-conspirator's uncorroborated testimony may be constitutionally sufficient evidence to convict, even if the co-conspirator is cooperating with the government in exchange for leniency.  *United States v. Turner*, 319 F.3d 716, 721 (5th Cir. 2003).  Testimony is not "incredible as a matter of law unless it is so unbelievable on its face that it defies physical laws." *United States v. Gardea Carrasco*, 830 F.2d 41, 44 (5th Cir. 1987) (internal quotation marks and citation omitted).  Our examination of the record does not support Santillan's characterization of the co-conspirator's testimony as factually insubstantial or incredible.  Moreover, the record also contains circumstantial evidence showing that Santillan was the methamphetamine supplier for an undercover officer's controlled purchase from the co-conspirator.

Next, Santillan contends that the district court erred by attributing to him as relevant conduct a quantity of methamphetamine seized in New Mexico.  He asserts that this constituted error because (1) there was no evidence linking him to that shipment, and (2) the New Mexico shipment did not meet any of the criteria set forth in U.S.S.G. § 1B1.3(a)(1) or (2).  We generally review a district court's finding regarding the applicable drug

quantity for clear error and will affirm the finding as long as it is plausible in light of the record as a whole. *United States v. Betancourt,* 422 F.3d 240, 246 (5th Cir. 2005). "[T]he district court need only determine its factual findings at sentencing by a preponderance of the relevant and sufficiently reliable evidence." *United States v. Hinojosa,* 749 F.3d 407, 415 (5th Cir. 2014) (internal quotation marks and citation omitted). Because there was reliable evidence linking Santillan to the New Mexico shipment, the record supports the district court's finding in this regard. *See id.*

Plain error review applies to the second aspect of Santillan's challenge to the New Mexico shipment's inclusion as relevant conduct because Santillan did not object on this specific basis in district court. *See Puckett v. United States*, 556 U.S. 129, 135 (2009); *United States v. Neal*, 578 F.3d 270, 272 (5th Cir. 2009). Under that standard of review, Santillan must show an error that is clear or obvious–rather than subject to reasonable dispute–and affects his substantial rights. *See Puckett*, 556 U.S. at 135. If he makes that showing, we have the discretion to correct the error only if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (internal quotation marks, brackets and citation omitted). Because a determination of relevant conduct is a finding of fact capable of resolution by the district court, Santillan's unpreserved challenge cannot meet the plain-error standard of review. *See United States v. McCaskey*, 9 F.3d 368, 376 (5th Cir. 1993). In any event, our examination of the indictment, as well as the evidence produced at trial and at sentencing, does not reveal any clear or obvious error as to the inclusion of the New Mexico shipment as relevant conduct under § 1B1.3(a).

The judgment of the district court is AFFIRMED.