# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-40656

United States Court of Appeals
Fifth Circuit

**FILED**
September 13, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JOSE LUIS ACEVEDO-TOLENTINO,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:18-CR-108-1

Before STEWART, Chief Judge, and JONES and OWEN, Circuit Judges.

PER CURIAM:*

The Defendant Jose Luis Acevedo-Tolentino pled guilty to a sex offense. He was thus required to register as a sex offender under the Sex Offender Notification and Registration Act (SORNA). The district court ordered that he comply with SORNA as a stand-alone component of his sentence without having also imposed this requirement as a condition of supervised release. Assuming arguendo that the district court's order was in error, such error was harmless. Accordingly, we AFFIRM.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-40656

Acevedo pled guilty to one count of attempted transfer of obscene material to a minor in violation of 18 U.S.C. § 1470. He was sentenced to twenty-seven months in prison. The district court did not impose a term of supervised release, because Acevedo will likely be deported after completing his sentence. But the court required Acevedo to register as a sex offender for fifteen years under SORNA as a stand-alone component of his sentence. Acevedo now argues that a court may not impose such a requirement unless ordered as a condition of supervised release and also contests the fifteen-year term.

Although Acevedo technically objected to the SORNA order below, his objection was not sufficiently specific to preserve error. "To preserve error, an objection must be sufficiently specific to alert the district court to the nature of the alleged error and to provide an opportunity for correction." *United States v. Neal*, 578 F.3d 270, 272 (5th Cir. 2009). "When a defendant objects to his sentence on grounds different from those raised on appeal, we review the new arguments raised on appeal for plain error only." *United States v. Medina-Anicacio*, 325 F.3d 638, 643 (5th Cir. 2003). Here, Acevedo lodged only a conclusory objection and provided *no grounds* for it. The entire colloquy surrounding the SORNA issue at Acevedo's sentencing hearing occurred as follows:

> THE COURT: The Court will waive supervised release but will impose the 15 year S.O.R.N.A. requirement as part of his record. The Court will waive the fine.
> . . .
>
> MR. RODRIGUEZ:[1] Your Honor, out of an abundance of caution, we'll -- we'd object to the 15 year S.O.R.N.A. imposition.

---

[1] Mr. Rudy Rodriguez served as Acevedo's trial counsel.

2

No. 18-40656

THE COURT: If he keeps his word, it's not applicable.[2]

MR. RODRIGUEZ: That's right, Your Honor.

THE COURT: The objection's overruled.

This objection was not sufficiently specific to alert the district court to the nature of the alleged error because Acevedo made no argument at all as to the basis of the objection. Further, he did not make clear whether he was objecting to the SORNA registration requirement itself, the fifteen-year length of the requirement, or both. Accordingly, the court will review Acevedo's appellate arguments only for plain error.

Under the plain error standard, a defendant must show "(1) error (2) that is plain and (3) that affects his substantial rights. This court will correct plain errors only if they seriously affect the fairness, integrity, or public reputation of judicial proceedings." *United States v. Castillo-Estevez*, 597 F.3d 238, 240 (5th Cir. 2010) (internal citations omitted). "Plain error is error that is 'clear' or 'obvious.'" *United States v. Trejo*, 610 F.3d 308, 319 (5th Cir. 2010). An error is not plain "if a defendant's theory requires the extension of precedent." *Id.* (internal quotation marks omitted). "Plain error is error so clear or obvious that the trial judge and prosecutor were derelict in countenancing it, even absent the defendant[']s timely assistance in detecting it." *Id.* (internal quotation marks omitted).

First, Acevedo argues that a district court may not impose a SORNA registration requirement as a stand-alone component of a sentence, but rather, may only order it as a condition of supervised release. Assuming without

---

2 This statement references Acevedo's promise to the district court that he would never return to the United States after completing his sentence. The district court's implication was that if Acevedo never returned, then whether he registers under SORNA is an academic issue.

3

deciding that the district court erred, any such error would not constitute plain error. Acevedo cites no case holding that a court may not order SORNA compliance as a stand-alone component of a sentence. Indeed, his reply brief characterizes the issue as one of first impression. Because an error is not clear or obvious "if a defendant's theory requires the extension of precedent," any hypothetical error here would not qualify as plain error. *Trejo,* 610 F.3d at 319 (internal quotation marks omitted).

Further, any such hypothetical error would be immaterial from a practical standpoint. As Acevedo concedes, his federal transferring-obscenity offense triggers a duty to register under SORNA independent of the criminal judgment. Acevedo further notes that he would commit a crime if he failed to register under SORNA, regardless of the district court's order. *See* 18 U.S.C. § 2250(a). Thus, the district court essentially ordered Acevedo to comply with the law. Moreover, Acevedo promised the district court that he would never return to the United States after completing his sentence. This is an additional reason why, if he keeps his word, registration under SORNA is largely immaterial.

Finally, even if we concluded that the district court erred, the appropriate remedy would be to vacate and remand for resentencing. In that instance, the district court would be free to impose a term of supervised release and an accompanying SORNA registration requirement. *See* 18 U.S.C. § 3583(d) ("The court shall order, as an explicit condition of supervised release for a person required to register under [SORNA], that the person comply with the requirements of that Act."). Vacating and remanding is the standard remedy applied when a district court errs in imposing a sentence. *See, e.g.,* *United States v. Escalante,* -- F.3d --, 2019 WL 3521823, at *1 (5th Cir. 2019). In sum, any possible error was harmless and did not affect Acevedo's substantial rights.

Second, Acevedo challenges the fifteen-year term of the district court's SORNA order. Acevedo contends that he should only have to register as a sex offender for ten years under SORNA's "clean record" provision. That is incorrect; there is no error, plain or otherwise, in this regard. Under SORNA, the default registration period that applies to Acevedo is fifteen years. 34 U.S.C. § 20915(a)(1). According to the "clean record" provision, that fifteen year period shall be reduced to ten years if, during those ten years, the sex offender maintains a clean record by not being "convicted of any offense for which imprisonment for more than 1 year may be imposed; not being convicted of any sex offense; successfully completing any periods of supervised release, probation, and parole; and successfully completing . . . an appropriate sex offender treatment program." 34 U.S.C. § 20915(b)(1)(A)-(D). Thus, Acevedo's default registration period is fifteen years, but it "shall" be reduced only if, after ten years pass, he has met the above requirements. 34 U.S.C. § 20915(b)(1). It would make no sense for the district court to have imposed the reduced ten-year period in the first instance because the district court could not know for ten years whether Acevedo will become eligible for the reduced period. Accordingly, the district court did not error in initially imposing the default fifteen-year registration requirement. But again, if Acevedo keeps his promise never to return to the United States, then the proper length of his SORNA registration requirement is largely academic.

For the foregoing reasons, the judgment of the district court is **AFFIRMED**.