# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-40152

United States Court of Appeals
Fifth Circuit

**FILED**
November 6, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

      Plaintiff - Appellee

v.

JUAN YSIDRO MORALES-SANTIAGO,

      Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:18-CR-1807-1

Before STEWART, CLEMENT, and HO, Circuit Judges.

PER CURIAM:*

The government charged Juan Ysidro Morales-Santiago with illegal reentry into the United States after he had been deported. Morales-Santiago pleaded guilty and the district court sentenced him to twenty-four months of imprisonment. He challenges his sentence. We affirm.

I.

The government removed Morales-Santiago, a citizen of the Dominican Republic, from the United States on July 2, 2013. Customs and Border Patrol

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-40152

agents apprehended Morales-Santiago entering the United States on October 4, 2018, without authorization. Morales-Santiago pleaded guilty to illegal reentry after removal per 8 U.S.C. § 1326.

The presentence report (PSR) initially calculated a total offense level of 16: Illegal entry is an eight-level base offense and Morales-Santiago's 2013 felony conviction in Pennsylvania for armed robbery resulted in a ten-level enhancement. U.S.S.G. § 2L1.2(b)(2)(A). The PSR included an unsigned docket entry and a court summary detailing Morales-Santiago's 2013 conviction and stated that he was sentenced to a minimum of eleven months and fifteen days and a maximum of 233 months. Because Morales-Santiago accepted responsibility, the PSR also factored in a two-level reduction. The 2013 conviction also resulted in Morales-Santiago receiving three criminal history points, giving him a Category II criminal history score. Based on the total offense level and Category II criminal history score, the recommended sentencing guidelines range was twenty-four to thirty months. The PSR then recommended an upward departure from that range given Morales-Santiago's extensive criminal history and the likelihood that he would commit further crimes. Morales-Santiago objected in writing to the PSR's conclusions, arguing that the Pennsylvania court summary and docket entry were not credible because they were "not signed by a judge."

Later, the probation officer filed a Supplement to the PSR explaining that the original PSR incorrectly listed the maximum sentence for the 2013 robbery. The correct maximum sentence was twenty-three months, not 233 months. The correction resulted in a six-level enhancement rather than a ten-level one, and a new guidelines range of twelve to eighteen months.

The court sentenced Morales-Santiago to twenty-four months, a figure above the corrected guidelines range. In explaining the sentence, the court

No. 19-40152

noted that Morales-Santiago had "three serious convictions" on his record—the 2013 robbery, a 2002 "drug trafficking offense," and a contempt of court charge.

At sentencing, Morales-Santiago made two objections. First, he reiterated his written objections to the credibility of the Pennsylvania court documents, arguing they failed to support a finding about the length of the robbery conviction's sentence. The court stated that it had reviewed the documentation, acknowledged the typographical error in the PSR, and concluded the underlying documents were sufficient to establish the felony conviction. Second, Morales-Santiago objected to the unreasonableness of the sentence under the 18 U.S.C. § 3553(a) sentencing factors and for exceeding the guidelines. The district court explained its reasoning and how it used the guidelines in determining the appropriate sentence. Morales-Santiago appealed, arguing that the district court clearly erred in applying the six-level enhancement based on nothing more than the uncorroborated statements from the probation officer supporting the length of the robbery sentence.

## II.

A district court's interpretation or application of the sentencing guidelines is reviewed de novo and its factual findings for clear error. *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). But that only applies if the defendant preserved the error; unpreserved claims are subject to reversal only if the error is plain. *United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009). "To preserve error, an objection must be sufficiently specific to alert the district court to the nature of the alleged error and to provide an opportunity for correction." *United States v. Neal*, 578 F.3d 270, 272 (5th Cir. 2009).

Morales-Santiago grounds this appeal exclusively on the argument that the probation officer's statement about the length of the sentence in the PSR Supplement was an insufficient basis for the sentencing enhancement. But at

his sentencing hearing, Morales-Santiago's objections focused on two wholly different concerns. The first was whether the Pennsylvania court *documents* were insufficient to show a prior felony conviction. The second was that the sentence was "unreasonable and beyond the sentencing under the 3553(a) factors." He never objected to, or even referenced, the probation officer's statement regarding the length of the 2013 robbery sentence. And in his written objections, he criticized only the credibility of the state court documents to support the fact of the conviction, again omitting any mention of the probation officer's statement.

Because the objections in the district court had to do with the credibility of the state court documents or the reasonableness of the sentence under the § 3553(a) factors, Morales-Santiago did not preserve his claim that the district court improperly relied on the probation officer's uncorroborated statement about the sentence of his 2013 conviction. Plain error review therefore applies, and we find no error. Evaluating evidence proving the circumstances of a prior conviction is a factual determination and "[q]uestions of fact capable of resolution by the district court upon proper objection at sentencing can never constitute plain error." *United States v. Guerrero*, 5 F.3d 868, 871 (5th Cir. 1993) (internal quotation marks and citation omitted). Morales-Santiago failed to raise—and thus preserve—his argument that the probation officer's statement was insufficient and to provide the district court "an opportunity for correction." *Neal*, 578 F.3d at 272.

We affirm.