# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 8, 2020

Lyle W. Cayce
Clerk

No. 19-40581
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

MARCELINO HERNANDEZ-MARTINEZ,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:18-CR-873-2

Before CLEMENT, HIGGINSON, and ENGELHARDT, *Circuit Judges*.
PER CURIAM:*

Marcelino Hernandez-Martinez pleaded guilty to conspiring to harbor undocumented aliens within the United States and conspiring to possess with intent to distribute 100 kilograms or more of marijuana. After determining that a within-guidelines sentence was warranted, the district court sentenced

---

* Pursuant to 5TH CIRCUIT RULE. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

him to concurrent prison terms of 108 months for the alien-harboring conspiracy and 135 months for the drug trafficking conspiracy, to be followed by four years of supervised release.

On appeal, Hernandez-Martinez argues that the district court erred by attributing to him the 535.99 kilograms of marijuana seized on July 21, 2017, and the 255.37 kilograms of marijuana seized on August 2, 2017. Although he also vaguely refers to a "September 17, 2017 seizure," the record does not reflect any offense conduct on that date. Hernandez-Martinez asserts that inclusion of the quantities seized on July 21 and August 2 constituted error because (1) there was no evidence that he was involved on those occasions, and (2) the Government failed to show that either incident was part of the same course of conduct or common scheme or plan as the charged conspiracy.

Contrary to Hernandez-Martinez's contentions, the district court's finding that he was involved on the multiple occasions was plausible in light of the record as a whole. *See United States v. Nava*, 957 F.3d 581, 586 (5th Cir. 2020); *United States v. Betancourt*, 422 F.3d 240, 246 (5th Cir. 2005). Hernandez-Martinez admitted that "he conspired and agreed with other persons to possess the marijuana by agreeing to pick it up near Mission, Texas, as well as other nearby cities, and then transport and deliver the controlled substance to other individuals." He further conceded that "he did so on multiple occasions from on or about July 21st, 2017, to on or about May 10th, 2018." The presentence report (PSR) detailed that for the July 21 seizure, a search of a GMC Yukon—abandoned near the Rio Grande River following a pursuit—yielded positive results for Hernandez-Martinez's fingerprints. Less than two weeks later, on August 2, Border Patrol agents intercepted a Chevrolet Tahoe engaged in marijuana smuggling along the river. Inside the Tahoe was a cellphone, which, based on the photographs found therein, could reasonably be inferred to have belonged to Hernandez-

Martinez or an associate. *See United States v. Coleman*, 609 F.3d 699, 708 (5th Cir. 2010). The photographs found in the cellphone also provided another link to the Yukon abandoned on July 21. In sum, because there was reliable evidence linking Hernandez-Martinez to the marijuana seized on July 21 and August 2, the record supports the district court's finding in this regard. *See Betancourt*, 422 F.3d at 246.

Plain error review applies to the second aspect of Hernandez-Martinez's challenge to the inclusion of the July 21 and August 2 seizures as relevant conduct because Hernandez-Martinez did not object on this specific basis in district court. *See Puckett v. United States*, 556 U.S. 129, 135 (2009); *United States v. Neal*, 578 F.3d 270, 272 (5th Cir. 2009). Our examination of the superseding indictment, the admitted-to factual basis, and the specific facts presented in the PSR does not reveal any clear or obvious error as to the inclusion of the July 21 and August 2 seizures as relevant conduct under U.S.S.G. § 1B1.3(a). *See Puckett*, 556 U.S. at 135.

Next, Hernandez-Martinez contends that the district court erred by failing to reduce his offense level pursuant to U.S.S.G. § 3B1.2 because he was a minimal or minor participant in the alien-harboring conspiracy. Here, the facts detailed in the PSR supported that Hernandez-Martinez was a primary caretaker of the stash house where the undocumented aliens were being harbored, that he oversaw other caretakers of the stash house, and that he issued several directives to the aliens and forced them to load bundles of marijuana into vehicles. Given these facts, Hernandez-Martinez has not shown that he was substantially less culpable than the average participant in the alien-harboring conspiracy. *See* § 3B1.2, comment. (n.3(A)). Accordingly, the district court's determination that he was not entitled to a minor or minimal role reduction is not clearly erroneous. *See United States v. Gomez-Valle*, 828 F.3d 324, 327 (5th Cir. 2016).

No. 19-40581

Finally, while Hernandez-Martinez argues that the district court should have granted him a downward departure pursuant to U.S.S.G. § 4A1.3(b)(1), p.s., based on an over-represented criminal history, there is no indication that the district court mistakenly believed that it lacked the authority to depart. We therefore lack jurisdiction to review this issue. *See United States v. Jefferson*, 751 F.3d 314, 322-23 (5th Cir. 2014).

The judgment of the district court is AFFIRMED.