# United States Court of Appeals for the Fifth Circuit

---

No. 25-30208
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

January 26, 2026

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Sealed Appellant,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:24-CR-87-4

---

Before Wiener, Willett, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Defendant-Appellant appeals his sentence following his conviction for conspiracy to commit bank fraud in violation of 18 U.S.C. § 1349. He argues that the district court erred in two ways: (1) it incorrectly calculated the loss amount attributable to him under U.S.S.G. § 2B1.1(b)(1); and (2) it

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

erroneously applied the U.S.S.G. §§ 3A1.1(b)(1) and (b)(2) vulnerable-victim enhancements.

As for his first argument, the parties disagree over the proper standard of review because they dispute whether Appellant properly preserved his challenge to the district court's calculation of the loss amount attributable to him under § 2B1.1(b)(1). While Appellant objected to the district court's calculation of the loss amount attributed to him because it included a period of activity predating his participation, he presents specific dates of his participation in the conspiracy on appeal—which he did not provide in district court—to bolster that objection. Accordingly, Appellant contends that, while he stipulated to the correctness of the district court's calculation of the $1,900,830 loss amount, approximately half of that amount should not have been attributed to him.

"To preserve error, an objection must be sufficiently specific to alert the district court to the nature of the alleged error and to provide an opportunity for correction." *United States v. Neal*, 578 F.3d 270, 272 (5th Cir. 2009). The question reduces to whether Appellant's introduction of specific dates is distinct from the objection he had made in district court. We need not decide that, however, because even if we were to review this issue *de novo*, we conclude that Appellant's argument still fails. Appellant claims that his coconspirators gained access to bank data six to seven months prior to the start of his participation in the conspiracy, as noted in his PSR. Yet, he does not demonstrate that any portion of the loss amount calculated by the district court is inextricably tied to the period that he alleges predated his involvement. The district court therefore did not err in its calculation by attributing the $1,900,830 intended loss amount to Appellant.

As for his second argument, Appellant preserved his challenge to the vulnerable-victim enhancements under §§ 3A1.1(b)(1) and (b)(2). We review

the district court's application of "unusual vulnerability" under the Sentencing Guidelines for clear error. *United States v. Wilcox*, 631 F.3d 740, 753 (5th Cir. 2011). Examining the record as a whole, the district court's conclusion that the scheme targeted vulnerable victims is plausible and not clearly erroneous. *See id.*; *United States v. Swenson*, 25 F.4th 309, 321 (5th Cir. 2022). *See also United States v. Rodriguez*, 801 F. App'x 278, 283 (5th Cir. 2020).

AFFIRMED.