# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-41394
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
July 28, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MANUEL FABIAN VELASQUEZ-ORTIZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:15-CR-1477-1

Before KING, ELROD, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Manuel Fabian Velasquez-Ortiz pleaded guilty to reentry of a deported alien. The presentence report (PSR) calculated Velasquez-Ortiz's recommended sentencing range based, in relevant part, on two controlled substance convictions from 1991. Velasquez-Ortiz argues that the district court erred in finding that his parole had been revoked and that he had been

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-41394

incarcerated within 15 years of the commencement of the current offense for the 1991 convictions.

We review a district court's application of the Sentencing Guidelines de novo and its factual findings for clear error. *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). Plain error review applies where the defendant fails to object in the district court. *Puckett v. United States*, 556 U.S. 129, 135 (2009); *United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009). Contrary to Velasquez-Ortiz's assertions, he did not object to the district court's factual finding or its reliance on the PSR to determine that his parole had been revoked with respect to the 1991 convictions. *See United States v. Neal*, 578 F.3d 270, 272 (5th Cir. 2009).

Velasquez-Ortiz has pointed to no rebuttal evidence showing that the district court erred in adopting the facts contained in the PSR. *See United States v. Floyd*, 343 F.3d 363, 372 (5th Cir. 2003); *United States v. Gomez-Alvarez*, 781 F.3d 787, 796-797 (5th Cir. 2015). Velasquez-Ortiz admitted that he was incarcerated in 2013 related to the 1991 convictions. Additionally, the Government, without objection, has supplemented the record with documents showing that Velasquez-Ortiz's parole from the 1991 convictions was revoked and that he was incarcerated for those convictions within 15 years of the commencement of the current offense. Velasquez-Ortiz has failed to show any error, clear or plain, by the district court.

AFFIRMED.