# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-40974
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
July 31, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SERGIO LAGUNES-ORTEGA,

Defendant-Appellant

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 7:17-CR-1572-1

Before REAVLEY, JONES, and HO, Circuit Judges.

PER CURIAM:[*]

Sergio Lagunes-Ortega appeals the 45-month within-guidelines sentence imposed following his bench trial conviction of being found in the United States after previous deportation. He argues that the sentence is substantively unreasonable because it is greater than necessary to meet the 18 U.S.C. § 3553(a) sentencing goals. Specifically, he asserts that the Guidelines overrepresented his criminal history because his prior convictions

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of money laundering and conspiracy to possess with intent to distribute more than 100 kilograms of marijuana were scored separately but arose out of the same course of conduct.  Further, he contends that the district court made an unfounded assumption that he was likely to return to this country in the future.

We generally "review the substantive reasonableness of a sentence for abuse of discretion under the totality of the circumstances." *United States v. Heard*, 709 F.3d 413, 425 (5th Cir. 2013).  A sentence imposed within a properly calculated guidelines range is presumptively reasonable.  *Id.* at 424.  "The presumption is rebutted only upon a showing that the sentence does not account for a factor that should receive significant weight, it gives significant weight to an irrelevant or improper factor, or it represents a clear error of judgment in balancing sentencing factors." *Id.* (internal quotation marks and citation omitted).

Although Lagunes-Ortega contends that he preserved the issues he now raises by asserting at sentencing that criminal history category IV overrepresented the seriousness of his criminal history and that a sentence below the guidelines range would be sufficient to meet the sentencing goals of § 3553(a), he did not object to the substantive reasonableness of the sentence after the district court imposed the sentence as is required in this circuit. *United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010); *United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007).[1]  "To preserve error, an objection must be sufficiently specific to alert the district court to the nature of the alleged error and to provide an opportunity for correction." *United States v.*

---

[1] The Supreme Court's grant of certiorari in *Holguin-Hernandez v. United States*, No. 18-7739, 2019 WL 429919 (U.S. June 3, 2019) does not disturb our precedent. *See United States v. Lopez-Velasquez*, 526 F.3d 804, 808 n.1 (5th Cir. 2008) (This court's precedent remains binding absent an intervening Supreme Court or an en banc decision of this court despite a grant of certiorari.).

No. 18-40974

*Neal*, 578 F.3d 270, 272 (5th Cir. 2009). Lagunes-Ortega's argument at sentencing that his criminal history was overrepresented preserved his reasonableness arguments on appeal involving the overrepresentation of his criminal history. *United States v. Gomez-Herrera*, 523 F.3d 554, 565 n.6 (5th Cir. 2008). However, the objection did not preserve all of his appellate arguments, including that the district court made an unfounded assumption that he was likely to return to this country in the future. In any event, we need not decide whether to apply plain-error review because Lagunes-Ortega's substantive reasonableness challenge fails even under the ordinary standard of review. *See United States v. Rodriguez*, 602 F.3d 346, 361 (5th Cir. 2010) (declining to decide standard of review and applying more lenient standard).

The district court considered the parties' arguments, Lagunes-Ortega's allocution, the Presentence Report, the advisory guidelines range, and the § 3553(a) sentencing factors. The district court stated it correctly determined that Lagunes-Ortega was not a citizen of the United States, but it did not think he would ever accept that fact. For that reason, the court was concerned that Lagunes-Ortega was likely to reenter the United States in the future. In addition, the court stated that it considered Lagunes-Ortega's argument concerning his criminal history and it was not sure that his prior offenses were completely distinct offenses; however, the court believed that the guidelines range was properly calculated and that his criminal history was not overrepresented. Lagunes-Ortega's within-guidelines sentence is entitled to a presumption of reasonableness. *See Heard*, 709 F.3d at 424. Lagunes-Ortega's disagreement with the district court's weighing of the sentencing factors is insufficient to rebut that presumption. *See Ruiz*, 621 F.3d at 398. He has not shown that the district court failed to give proper weight to his arguments or any particular § 3553(a) factor. *See Heard*, 709 F.3d at 424.

No. 18-40974

Finally, Lagunes-Ortega contends that the sentence overstated the seriousness of the offense, which was merely an international trespass; the applicable guidelines provision did not have an empirical basis; and the guidelines provision double-counted his prior convictions. He correctly acknowledges that these arguments are foreclosed by our precedent and raises the issues to preserve them for possible further review. *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009); *United States v. Mondragon-Santiago*, 564 F.3d 357, 367 (5th Cir. 2009); *United States v. Juarez-Duarte*, 513 F.3d 204, 212 (5th Cir. 2008).

Therefore, the district court's judgment is AFFIRMED.