# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-30544
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
March 30, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

TIMOTHY JACKSON VAN MOL,

Defendant–Appellant.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:18-CR-330-1

Before OWEN, Chief Judge, and SOUTHWICK and WILLETT, Circuit Judges.

PER CURIAM:*

Timothy Jackson Van Mol appeals the within-guidelines 18-month sentence imposed following his guilty plea to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). He argues that his sentence was substantively unreasonable because it was greater than necessary to achieve the goals of 18 U.S.C. § 3553(a). He also contends that the district court erred by considering his bare arrest record. Although he

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

frames this in terms of substantive reasonableness, we have considered this issue in terms of procedural error. *See United States v. Harris*, 702 F.3d 226, 229 (5th Cir. 2012).

We review Van Mol's unpreserved challenge to the consideration of the bare arrest record for plain error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009); *United States v. Neal*, 578 F.3d 270, 272 (5th Cir. 2009). Contrary to Van Mol's assertions, the district court did not expressly refer to or rely on his bare arrest record at sentencing, nor did the probation officer recommend a variance or departure based on the bare arrest record. The court's comments at sentencing of which Van Mol complains were at most ambiguous. Thus, any error was not clear or obvious. *See Puckett*, 556 U.S. at 135.

With respect to substantive reasonableness, we assume that Van Mol preserved that issue by making the same arguments for a downward variance that he raises here, notwithstanding the lack of objection to reasonableness. *Cf. Holguin-Hernandez v. United States*, 140 S. Ct. 762, 766 (2020). The record shows that the court listened to his mitigating arguments and considered the 18 U.S.C. § 3553(a) factors. Van Mol fails to overcome the presumption of reasonableness that applies to within-guidelines sentences by showing that the sentence failed to account for significant factors, gave weight to an improper factor, or represented a clear error of judgment in balancing the sentencing factors. *See United States v. Rashad*, 687 F.3d 637, 644 (5th Cir. 2012); *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006). To the extent his argument regarding consideration of the bare arrest record implicates substantive reasonableness, it fails for the same reasons set out above.

The judgment of the district court is AFFIRMED.