# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
April 14, 2020

Lyle W. Cayce
Clerk

No. 19-10629
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RICKEY COLE,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:18-CR-377-1

Before SMITH, DENNIS, and DUNCAN, Circuit Judges.

PER CURIAM:[*]

Rickey Cole pleaded guilty to possession of a firearm by a felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  The district court sentenced him to 51 months of imprisonment.  Citing the Supreme Court's decision in *United States v. Haymond*, 139 S. Ct. 2369 (2019), Cole contends on appeal that the district court violated his Fifth and Sixth Amendment rights when it imposed guidelines enhancements to his offense level on the basis of findings

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of fact that were constitutionally required to be "found by a grand jury and placed in the indictment, then proven to a jury beyond a reasonable doubt."

The parties dispute whether Cole preserved in the district court the issue that he raises on appeal. To preserve an issue for appeal, a defendant must have raised in the district court "an objection . . . sufficiently specific to alert the district court to the nature of the alleged error and to provide an opportunity for correction." *United States v. Neal*, 578 F.3d 270, 272 (5th Cir. 2009). In determining whether an argument has been preserved for appellate consideration, our central inquiry involves a comparison of the specificity and clarity of the initial objection and the nature of the error raised on appeal. *Id.* at 272-73.

At sentencing, Cole confirmed that he had no objection to the presentence report (PSR) and that the PSR's calculation of his total offense level was correct. While he argued, *inter alia*, that the guideline enhancements that the district court applied exponentially increased his total offense level beyond the otherwise applicable base offense level, his argument did not include a constitutional challenge to the imposition of the guidelines enhancements, much less a challenge on the ground that the enhancements were based on findings of fact that were required to be found by a jury beyond a reasonable doubt. Accordingly, Cole did not preserve in the district court the issue that he raises on appeal, *see Neal*, 578 F.3d at 272, and our review is for plain error, *see United States v. Garza-Lopez*, 410 F.3d 268, 272 (5th Cir. 2005).

Cole failed to brief the issue he raises on appeal under requisites of plain error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). Moreover, he "concedes that the district court did not commit plain constitutional error, and that relief would not be warranted in the absence of preservation." Accordingly, because Cole did not properly preserve in the district court the

sole issue he raises on appeal, he has abandoned any challenge to his sentence. *See United States v. Scroggins*, 599 F.3d 433, 446-47 (5th Cir. 2010).

AFFIRMED.