# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-50523
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 5, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ULIS HOWARD ALEXANDER,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:18-CR-93-3

Before KING, GRAVES, and WILLETT, Circuit Judges.

PER CURIAM:[*]

Ulis Howard Alexander contests the 370-month prison sentence imposed following his conviction for conspiracy to possess with intent to distribute methamphetamine and to distribute methamphetamine. In his sole issue on appeal, Alexander challenges a two-level enhancement under U.S.S.G. § 2D1.1(b)(1) for possession of a firearm, arguing that his intercepted and uncorroborated statements that he possessed a firearm and ammunition, and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-50523

planned to use them, if necessary, to kill the individual who supplied the drug trafficking operation with low-quality methamphetamine, were insufficient to support the enhancement. Alexander notes that the "corpus delicti" rule forbids a conviction based solely on a defendant's own admissions, and he asserts that this concept should extend to the sentencing context. *See Wong Sun v. United States*, 371 U.S. 471, 488-89 (1963).

The corpus delicti argument was not raised in the district court; thus, our review of the issue is for plain error. *See United States v. Neal*, 578 F.3d 270, 272 (5th Cir. 2009). Alexander has cited no authority establishing that the corpus delicti rule applies in the sentencing context, *see United States v. Barnes,* Nos. 92-4958, 92-4959, 1993 WL 347015, at *4 (5th Cir. Aug. 12, 1993) (unpublished but precedential per 5TH CIR. R. 47.5.3), and his argument is contrary to existing precedent. Because he asserts a novel legal theory, Alexander cannot show clear or obvious error in connection with his corpus delicti argument. *See United States v. Evans*, 587 F.3d 667, 671 (5th Cir. 2009).

Further, the pertinent statements appeared in the presentence report (PSR) and had sufficient indicia of reliability. *See United States v. Zuniga*, 720 F.3d 587, 591 (5th Cir. 2013). A case agent assigned to Alexander's case testified at sentencing regarding the context of his intercepted statements, and Alexander presented no evidence to rebut the information in the PSR. *See id.* In light of the foregoing, the district court's finding that § 2D1.1(b)(1) was applicable is plausible in light of the entire record and thus not clearly erroneous. *See United States v. Ruiz*, 621 F.3d 390, 396 (5th Cir. 2010).

AFFIRMED.