## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
August 17, 2020

Lyle W. Cayce
Clerk

No. 19-11198
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

HUMBERTO MORALES-DOMINGUEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:19-CR-41-2

Before WIENER, SOUTHWICK, and DUNCAN, Circuit Judges.

PER CURIAM:[*]

Humberto Morales-Dominguez, the Defendant-Appellant, and 12 of his alleged co-conspirators were charged with various drug offenses. He pleaded guilty to conspiracy to possess with intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, 21 U.S.C. §§ 841(a)(1), (b)(1)(B), 846. His Presentence Investigation Report (PSR) listed the weight of drugs involved in the offense as 64,029.43 kilograms,

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and his guidelines range of imprisonment was 235 months to 293 months. A PSR addendum stated that additional laboratory reports caused the combined weight of drugs involved to increase to 180,734.53 kilograms. As a result, Morales-Dominguez's guidelines range of imprisonment increased to 262 months to 327 months.

Morales-Dominguez objected to the addendum's increase on grounds that it would result in an unwarranted sentencing disparity. Specifically, one of Morales-Dominguez's co-conspirators and his supplier, Albert Martinez, had already been sentenced by the time the subject lab results arrived. Thus, according to Morales-Dominguez, "it was unlikely that US Probation used meth actual lab results against [Martinez]."

At the sentencing hearing, the district court overruled the objection. Defense counsel then argued for a downward departure from the guidelines range. He argued that the lab results that caused the change in Morales-Dominguez's range did not change what he did, the facts of his offense, or the "dangerousness of the drug." Furthermore, according to counsel, the district court sentenced the source of the drugs, Martinez, without the lab results to 240 months, which is below Morales-Dominguez's new range. This discrepancy, according to Morales-Dominguez's counsel, "proves the illogic of the guidelines."

The district court initially stated that Morales-Dominguez "should receive a sentence of imprisonment above the top of the" guidelines range based on a "study of the file." However, the district court decided otherwise after defense counsel stated that he did not receive notice regarding the intended upward departure. The district court sentenced Morales-Dominguez to 280 months of imprisonment. Before announcing its sentence, it stated that "a sentence about somewhere in the middle of" Morales-Dominguez's

guidelines range would "properly address all [of] the [18 U.S.C. § 3553(a) sentencing factors], and that would take into account all of the arguments that have been made on behalf of the defendant." After announcing its sentence, the district court recognized that it was "actually below the middle" of the guidelines range and was "appropriate." Defense counsel objected that the sentence was "procedurally and substantively unreasonable."

On appeal, Morales-Dominguez first argues that his sentence is procedurally unreasonable because the district court did not adequately explain the sentence as required by 18 U.S.C. § 3553(c). However, he did not specifically object to the district court's purported error. Instead, he objected on grounds that the sentence was "procedurally and substantively unreasonable," which did not put the district court on notice as to his specific procedural objection. *United States v. Neal*, 578 F.3d 270, 272 (5th Cir. 2009). Thus, review of this issue is for plain error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). Regardless of whether Morales-Dominguez can show that the district court committed a clear or obvious error, he has failed to show that that it affected his substantial rights because he has not established that any additional explanation by the district court would have resulted in a lower sentence. *See United States v. Martinez*, 872 F.3d 293, 303 (5th Cir. 2017).

Morales-Dominguez next argues that the sentence was substantively unreasonable because the district court placed improper weight on his guidelines range, which was "inflated by the purity of the methamphetamine." This overemphasis, according to Morales-Dominguez, resulted in an unfair sentencing disparity because the supplier of the drugs, Martinez, received a lower sentence as the distributor for the same amount of drugs.

However, Morales-Dominguez does not make any convincing argument that the district court abused its discretion in balancing the sentencing factors

No. 19-11198

to arrive at a within-range sentence, which is presumptively reasonable. *See United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008). The district court heard and acknowledged all of his arguments, which included the sentencing disparity argument. The district court initially indicated that it wanted to sentence Morales-Dominguez above the guidelines range, then after defense counsel's arguments, it said it wanted a middle-of-the range sentence. It finally settled on a sentence that was below the middle of the range. Morales-Dominguez has not shown that the district court, when imposing the sentence, failed to consider a significant factor, considered an improper factor, or made a clear error of judgment in balancing the relevant factors. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

Moreover, because the district court sentenced Morales-Dominguez within the guidelines range, this court's "concern about unwarranted disparities is at a minimum." *See United States v. Carey*, 589 F.3d 187, 196 (5th Cir. 2009) (internal quotation marks and citation omitted). He therefore has not shown that the district court abused its discretion by imposing a substantively unreasonable sentence. *See Cooks*, 589 F.3d at 186. Accordingly, the district court's sentence is AFFIRMED.