# United States Court of Appeals
# for the Fifth Circuit

————————

No. 22-30643
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**
January 2, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

James Alexander,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:21-CR-71-1

———————————————————————

Before King, Haynes, and Graves, *Circuit Judges*.

Per Curiam:[*]

James Alexander pleaded guilty to conspiring to distribute and possess with the intent to distribute one kilogram or more of heroin, in violation of 21 U.S.C. § 846, and was sentenced within the guidelines range to 262 months of imprisonment, followed by a five-year term of supervised release. For the first time on appeal, he complains that he was charged with

————————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

a drug conspiracy involving heroin but was convicted for an offense involving Fentanyl, which he argues amounted to a constructive amendment of the indictment, in violation of his Fifth Amendment rights.

As the Government contends, constructive amendment of the indictment is a claim of trial error and thus has no application where, as here, the defendant pleaded guilty. *See United States v. Phillips*, 477 F.3d 215, 222 (5th Cir. 2007). Although we do not construe counseled briefs liberally, *see Beasley v. McCotter*, 798 F.2d 116, 118 (5th Cir. 1986), Alexander's argument that he was convicted for an offense with which he was not charged challenges the sufficiency of the factual basis for his plea. Because he did not raise the argument first in the district court, we review for plain error. *See United States v. Palmer*, 456 F.3d 484, 489 (5th Cir. 2006). To establish plain error, Alexander must show a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, this court has the discretion to correct the error but should do so only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id.*

The district court did not clearly or obviously err in accepting the factual basis for Alexander's plea, which established his knowing agreement with another conspirator to violate the narcotics laws, his voluntary participation in the conspiracy, and the quantity of drugs involved in the conspiracy. *See United States v. Hildenbrand*, 527 F.3d 466, 474-75 (5th Cir. 2008); *see also United States v. Vargas-Ocampo*, 747 F.3d 299, 303 (5th Cir. 2014) (en banc); *United States v. Reyes*, 300 F.3d 555, 559 (5th Cir. 2002). Alexander's complaint that he pleaded guilty to a conspiracy involving heroin, and believed the substance involved to be heroin but later discovered that it was Fentanyl, does not affect the validity of the factual basis for his plea because drug type is not an element of 21 U.S.C. § 841(a)(1) or of

conspiracy to commit a violation of § 841(a)(1).[1] *United States v. Patino-Prado*, 533 F.3d 304, 309-10 (5th Cir. 2008).

Alexander additionally argues that the district court committed procedural error in treating the Guidelines as mandatory when denying his motion for a downward variance. As with his preceding argument, because he did not object in the district court, plain error review applies. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009); *see also United States v. Neal*, 578 F.3d 270, 272 (5th Cir. 2009).

At sentencing, the district court stated that it had read Alexander's motion for a downward variance, as well as the letters from friends and family and his own letter seeking leniency, considered his allocution and the testimony of his witnesses, and had considered the Government's opposition to the requested variance. It summarized the arguments presented but found no reasonable basis to depart from the guidelines range, while specifically acknowledging its "great discretion" to craft a reasonable sentence, clearly indicating its awareness of its authority to depart from the Guidelines. The court further explained that the sentence was justified by the 18 U.S.C. § 3553(a) factors as applied to the facts of Alexander's case. Consequently, Alexander fails to show that the district court clearly or obviously erred in treating the Guidelines as mandatory. *See United States v. Washington*, 480 F.3d 309, 320 (5th Cir. 2007).

---

[1] Moreover, even if there was a clear or obvious error, Alexander fails to show that his substantial rights were affected. To make such a showing, he must demonstrate "a reasonable probability that, but for the error, he would not have entered the plea." *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004); *see also United States v. Castro-Trevino*, 464 F.3d 536, 540-47 (5th Cir. 2006). Alexander has abandoned by failing to brief any such argument. *See Yohey v. Collins,* 985 F.2d 222, 224-25 (5th Cir. 1993); *Beasley,* 798 F.2d at 118.

Next, Alexander asserts that the sentence imposed is substantively unreasonable. This court reviews the substantive reasonableness of the sentence under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). A discretionary sentence imposed within a properly calculated guidelines range is entitled to a rebuttable presumption of reasonableness. *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006). A defendant may rebut the presumption of reasonableness "by showing that the sentence does not account for factors that should receive significant weight, gives significant weight to irrelevant or improper factors, or represents a clear error of judgment in balancing sentencing factors." *United States v. Rashad*, 687 F.3d 637, 644 (5th Cir. 2012).

Alexander has not rebutted the presumption of reasonableness attached to his low-end guidelines sentence. He contends that the district court failed to consider and give sufficient weight to the mitigation arguments and evidence he presented in his motion for a downward variance and instead gave too much weight to the career offender Guideline. However, the record establishes that the district court was presented with and specifically considered each of Alexander's mitigation arguments. The court weighed those arguments against other relevant sentencing factors, including Alexander's extensive criminal history and the need for the sentence imposed to provide deterrence and to promote respect for the law. *See* § 3553(a). Alexander's appellate argument "amounts to a request that we reweigh the sentencing factors and substitute our judgment for that of the district court, which we will not do." *United States v. Hernandez*, 876 F.3d 161, 167 (5th Cir. 2017).

Finally, Alexander contends that the district court plainly erred in treating him as a career offender because his instant conviction for conspiring to commit a controlled substance offense is not a "controlled substance offense" within the meaning of U.S.S.G. § 4B1.1 and § 4B1.2, as the

definition of such offenses does not include inchoate crimes like conspiracies. He acknowledges that his argument is foreclosed by this court's decision in *United States v. Vargas*, 74 F.4th 673 (5th Cir. 2023)(en banc), *petition for cert. filed* (U.S. Oct. 23, 2023) (No. 23-5875), but he seeks to preserve it for possible further review.

In *Vargas*, this court held that "inchoate offenses like conspiracy are included in the definition of 'controlled substance offense.'" *Vargas*, 74 F.4th at 698. Thus, as Alexander correctly concedes, his argument is foreclosed. *See id.*

The district court's judgment is AFFIRMED.