# United States Court of Appeals for the Fifth Circuit

_____

No. 23-50908
Summary Calendar
_____

United States Court of Appeals
Fifth Circuit

**FILED**

November 12, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Erich Calixtro,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:22-CR-1630-1

_____

Before Haynes, Higginson, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Erich Calixtro appeals the sentence he received after pleading guilty to possession with intent to distribute 50 grams or more of methamphetamine (Count One), and possession with intent to distribute fentanyl (Count Two). Calixtro contends that: (1) the district court was not required to impose the career offender enhancement; (2) the career offender Guidelines lack a sound

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

basis in policy and empirical support; (3) the predicate convictions that enhanced his sentence did not render him a violent offender; and (4) the district court's application of the career offender enhancement resulted in an unjust sentence that was greater than necessary to achieve the goals of 18 U.S.C. § 3553(a).

Because Calixtro did not raise his first three arguments in the district court, we review for plain error. *See United States v. Neal*, 578 F.3d 270, 272 (5th Cir. 2009). Under plain error review, we will reverse only if: (1) there is an error that has not been intentionally abandoned; (2) the error is "clear or obvious, rather than subject to reasonable dispute"; (3) the error "affected the appellant's substantial rights"; and (4) we choose to exercise our discretion because the "error seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Escalante-Reyes*, 689 F.3d 415, 419 (5th Cir. 2012) (en banc) (internal quotation marks and brackets omitted) (quoting *Puckett v. United States*, 556 U.S. 129, 135 (2009)).

Here, the district court's explicit recognition of the advisory nature of the Sentencing Guidelines and its decision to impose a downward variance on Count One belie any contention that the court treated the Guidelines as mandatory or that it did not understand its authority to vary below the guidelines ranges. *See Gall v. United States*, 552 U.S. 38, 51 (2007). Also, nothing in the record indicates that the district court did not recognize its authority to vary below the guidelines ranges based on policy considerations or its disagreement with the career offender Guidelines. *See Kimbrough v. United States*, 552 U.S. 85, 101 (2007); *United States v. Duarte*, 569 F.3d 528, 530-31 (5th Cir. 2009); *United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir. 2009). Further, although Calixtro argues that his predicate convictions did not render him a violent offender, he concedes that they qualified as crimes of violence under U.S.S.G. § 4B1.2. Therefore, Calixtro has not shown error, plain or otherwise. *See Escalante-Reyes*, 689 F.3d at 419.

No. 23-50908

Because Calixtro preserved his challenge to the substantive reasonableness of his sentence, we review for abuse of discretion. *See Gall*, 552 U.S. at 51. A sentence imposed within or below a properly calculated guidelines range is entitled to a rebuttable presumption of reasonableness. *United States v. Simpson*, 796 F.3d 548, 557 (5th Cir. 2015). A defendant may rebut the presumption of reasonableness by showing that the sentence does not account for a factor that should have received significant weight, gives significant weight to an irrelevant or improper factor, or represents a clear error of judgment in balancing the sentencing factors. *Id.* at 558.

The record reflects that the district court heard Calixtro's request for a lower sentence, considered the mitigating circumstances raised by defense counsel, and granted a downward variance on Count One. In light of the foregoing and the deferential standard of review, Calixtro has failed to rebut the presumption of reasonableness. *See Simpson*, 796 F.3d at 558.

The judgment of the district court is AFFIRMED.